THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* FRANK J. LaFRANK *et al.*, Defendants-Appellees.

Fifth District No. 81-248

Opinion filed March 1, 1982.

Donald Weber, State's Attorney, of Collinsville (William C. Evers, III, Assistant State's Attorney, of counsel), for the People.

William J. Billeaud, of Massa and Billeaud, of Collinsville, for appellees.

PRESIDING JUSTICE KARNS delivered the opinion of the court:

The State of Illinois appeals from an order of the circuit court of Madison County which denied its motion to vacate the court's findings and order.

Defendants, John Lozier and Frank J. LaFrank, were charged under a Collinsville city ordinance for driving under the influence of intoxicating liquor. The arresting officer filed an affidavit stating that the defendants refused to submit to the breathalyzer test when requested in

violation of section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501.1(d)). The two cases were consolidated for hearing.

Defendants entered guilty pleas to the violation of the city ordinance, fines were imposed and each defendant was placed under court supervision for a period of one year. In each case, the court entered an order, without a hearing and over the objection of the assistant State's Attorney, that the officer did not have reasonable grounds to believe that defendant was driving under the influence of intoxicating liquor, that he was not orally and in writing informed of his rights and that defendant did not refuse to submit to the breathalyzer. The State filed a motion to vacate the findings and order as to the refusal charge. Subsequently, the court entered the following order:

"The above two cases were consolidated for hearing.

In each case the Court finds that the defendants were charged with driving under the influence of intoxicating liquor under the Collinsville City Ordinance; that the arresting officer filed an Affidavit that the defendant refused to take the breath test under Chapter 95-½, §11—501.1; that the defendant requested a hearing.

Further, on each case, on the jury assignment docket call each defendant negotiated a disposition of the charge with the Collinsville City Attorney; that without a hearing and over the objection of the Assistant State's Attorney, the Court entered an Order finding no probable cause to require the defendant to take the breathalyzer, and that the defendant did not refuse; and that the City Attorney, Ben Urban, did not object to the finding.

The Court holds that the State's Attorney is not a party to the hearing on the refusal to take the breathalyzer, and cannot object and cannot demand a hearing, when the charge of driving under the influence is under a City Ordinance as opposed to under the Illinois Vehicle Code.

The Motion to Vacate the finding and Order is therefore denied."

On appeal, the State challenges the propriety of the above order. The substance of the State's argument is that the Collinsville city attorney did not have the authority to prosecute, or in this case, to negotiate the disposition of the refusal charge. It is undisputed by the parties, and evidenced by the court's order, that the city attorney negotiated the pleas of both defendants. As best we can determine from the record, the agreement was that a fine would be imposed and supervision ordered on the DUI charge and, in turn, the refusal charge would be effectively dropped. The State's Attorney was not involved in the negotiations and did not agree to the terms.

The duty of the State's Attorney shall be, *inter alia*, "[t]o commence

and prosecute all actions, suits, indictments and prosecutions, civil and criminal, in the circuit court for his county, in which the people of the State or county may be concerned." (Ill. Rev. Stat. 1979, ch. 14, par. 5.) Section 16—102 of the Illinois Vehicle Code specifically provides:

"The State's Attorney of the county in which the violation occurs shall prosecute all violations except when the violation occurs within the corporate limits of a municipality, the municipal attorney *may prosecute if written permission to do so is obtained from the State's Attorney.*" (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 95½, par. 16—102.)

In the instant case, there is no indication that the Collinsville city attorney requested permission from the State's Attorney to prosecute this violation and it is obvious, from the posture of this appeal, that such permission has not been given.

In *Village of Hoffman Estate v. Spychalski* (1975), 33 Ill. App. 3d 83, 337 N.E.2d 463, a traffic accident case, the defendant was charged with the failure to yield the right of way in violation of section 11—904 of the Illinois Vehicle Code. (Ill. Rev. Stat. 1973, ch. 95½, par. 11—904.) The action was brought in the name of Village of Hoffman Estates and prosecuted by the municipal attorney although the record failed to disclose that the municipal attorney was given permission to do so as required by section 16—102. (Ill. Rev. Stat. 1973, ch. 95½, par. 16—102.) The court held that, absent written permission from the State's Attorney, the municipal attorney cannot prosecute a violation of the Illinois Vehicle Code.

■■ *Village of Hoffman Estates* involved a failure to yield right of way in violation of section 11—904 of the Illinois Vehicle Code, whereas, the instant case involves a charge of driving under the influence of intoxicating liquor in violation of a Collinsville city ordinance and refusal to submit to the breathalyzer test in violation of section 11—501.1 of the Illinois Vehicle Code. The Collinsville municipal attorney had the authority to prosecute the violation of the city ordinance; however, the State's Attorney not only had the authority, but also the duty, to prosecute the alleged violation of the Illinois Vehicle Code. In the absence of written permission from the State's Attorney, the Collinsville city attorney had no authority to prosecute or to negotiate the disposition of the refusal charge. Therefore, the court erred in finding that the State's Attorney was not a party to the litigation.

Section 11—501.1(d) of the Illinois Vehicle Code provides that, following a lawful arrest for a violation of section 11—501 of the Code or similar provisions of a municipal code, and a subsequent refusal to submit to the breathalyzer test,

"The Clerk shall thereupon notify such person in writing that his privilege to operate a motor vehicle will be suspended unless,

within 28 days from the date of mailing of the notice, he shall request in writing a hearing thereon. If such person fails to request a hearing within such 28 day period, the Clerk shall so notify the Secretary of State who shall automatically suspend such person's driver's license, * * *.

If such person desires a hearing, he shall file a complaint in the Circuit Court for and in the county in which he was arrested for such hearing. Such hearing shall proceed in the Court in the same manner as other civil proceedings, except that the scope of such proceeding shall cover only the issues of whether the person was placed under arrest for an offense as defined in Section 11—501 of this Act or a similar provision of a municipal ordinance, whether the arresting officer had reasonable grounds to believe that such person was driving while under the influence of intoxicating liquor, whether the person was informed orally and in writing * * * that his privilege to operate a motor vehicle would be suspended if he refused to submit to and complete the test upon request of the officer. * * *" Ill. Rev. Stat. 1979, ch. 95½, par. 11—501.1(d).

■■ In the instant case, defendants made timely requests for implied consent hearings as required by section 11—501.1(d) of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501.1(d)). The court made a finding in favor of the defendant without a hearing. A finding in favor of a defendant in an implied consent hearing is final and appealable (*People v. Kallem* (1979), 69 Ill. App. 3d 658, 387 N.E.2d 846) and can be overturned on appeal if found to be contrary to the manifest weight of the evidence. (*Village of Park Forest v. Angel* (1976), 37 Ill. App. 3d 746, 347 N.E.2d 278.) However, in the instant case, no hearing was held and thus, there is no evidence upon which to review the holdings.

■■ If defendants had withdrawn their requests, then the court should have notified the Secretary of State, who must automatically suspend the defendants' drivers licenses. (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501.1(d).) If the requests have not been withdrawn, then a hearing must be held with the State's Attorney assuming his duty as prosecutor. Inasmuch as we hold that the Court had no authority to negotiate the disposition of the refusal proceeding in the manner it did, we would consider defendants' requests for a hearing to be operative and pending and, accordingly, we reverse and remand for the purpose of a hearing as required under section 11—501.1(d) of the Code.

Reversed and remanded with directions.

KASSERMAN and HARRISON, JJ., concur.