THE CITY OF NAPERVILLE, Plaintiff-Appellant, *v.* GEORGE MORGAN, Defendant-Appellee.

Second District No. 2—83—1014

Opinion filed July 26, 1984.

Francis J. Cuneo, Jr., of Naperville, and Robert P. Sheridan, of Chicago, for appellant.

Norman H. Lehrer, of Lehrer & Flaherty, of Wheaton, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

The city of Naperville appeals from an order granting defendant George Morgan's motion to quash his arrest and dismissing Naperville's complaint against him for a violation of its ordinance prohibit-

ing driving while intoxicated (DWI).

The issue before us is whether a finding by the trial court of no probable cause to arrest defendant for DWI in an implied consent proceeding entered upon the stipulation of the State's Attorney on behalf of the State collaterally estops the city of Naperville from thereafter prosecuting defendant under its ordinance for the same DWI violation.

The record reveals that on March 29, 1983, defendant was issued a citation for violation of local ordinance 13—801, DWI, which listed Naperville as the plaintiff. Upon defendant's motion alleging, *inter alia*, his failure to receive notification that the arresting officer in this case had filed the requisite affidavit of defendant's refusal to submit to chemical tests following his arrest for DWI, the trial court vacated the suspension of defendant's driver's license and set a hearing on the issue of whether probable cause existed for requesting defendant to take the chemical test following his arrest for DWI. Notice of this motion was directed to the State's Attorney. In a subsequent written order dated August 12, 1983, the trial court found "by stipulation, no probable cause for defendant's arrest on March 29, 1983, for Driving While Under the Influence of Intoxicating Liquor," and set the matter for status.

Defendant then filed a motion to quash his arrest, contending, in pertinent part, that the prior finding of no probable cause to arrest him for DWI was *res judicata* as to the pending DWI ordinance charge, and that the court should dismiss the DWI charge against him. Naperville filed an answer to this motion asserting that it had not entered into the stipulation of no probable cause to arrest, that it was not a party to the implied consent proceeding, and that the parties in the implied consent proceeding were the State of Illinois and the defendant. On October 18, 1983, the trial court in a written order found that on the issue of probable cause for arrest of the defendant, the order of August 12, 1983, had the "effect of collateral estoppel or issue preclusion," granted the motion to quash defendant's arrest, and dismissed the DWI complaint. It is evident from the transcript of the August 18, 1983, proceeding that Naperville was not involved in the stipulation on August 12, 1983, nor a party to the implied consent proceedings.

On appeal Naperville contends the trial court erred in applying the doctrine of collateral estoppel to quash defendant's arrest and dismiss the DWI charge.

■■ Although defendant contends that we should dismiss this appeal because Naperville has failed to include a transcript of the Au-

gust 12, 1983, proceedings, the issue before us is one of law and the absence of the transcript of the August 12 proceeding will not bar our review as the record provided is adequate without this transcript. See *Woodfield Ford, Inc. v. Akins Ford Corp.* (1979), 77 Ill. App. 3d 343, 347, 395 N.E.2d 1131.

The doctrine of collateral estoppel applies when a party or someone in privity with a party participates in two separate and consecutive cases arising on different causes of action and some controlling fact or question material to the determination of both causes has been adjudicated against the party in the former suit. (*Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 252, 461 N.E.2d 959.) The law is clear that one is not estopped or barred by a prior adjudication if he was not a party to such action and does not stand in the relation of privity to one who was a party. (*Smith v. Bishop* (1962), 26 Ill. 2d 434, 437-38, 187 N.E.2d 217.) The State of Illinois is a party to a proceeding under the implied consent provision of the Illinois Vehicle Code (see Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1), not the municipality under whose ordinance a defendant may be charged with DWI. (See *People v. LaFrank* (1982), 104 Ill. App. 3d 650, 432 N.E.2d 1282.) The implied consent hearing under section 11—501.1(c) is a separate and distinct proceeding and progresses independently of the related municipal prosecution for DWI. (See *People v. Golden* (1983), 117 Ill. App. 3d 150, 154, 453 N.E.2d 15.) Thus, Naperville was neither a party to the implied consent proceeding nor can it be said to be in privity with the State. (*Cf. Smith v. Bishop* (1962), 26 Ill. 2d 434, 438, 187 N.E.2d 217; *People v. LaFrank* (1982), 104 Ill. App. 3d 650, 432 N.E.2d 1282.) Although defendant also contends on appeal that *res judicata* applies here, even though the trial court did not base its ruling on that principle of law, there also must be an identity of parties or someone with whom a party is in privity for the doctrine of *res judicata* to apply. *Smith v. Bishop* (1962), 26 Ill. 2d 434, 437, 187 N.E.2d 217.

For the foregoing reasons, the trial court erred in quashing the arrest and dismissing the case, and the cause is reversed and remanded for further proceedings.

Reversed and remanded.

NASH and LINDBERG, JJ., concur.