*In re* M.A., a Minor (The People of the State of Illinois, Petitioner-Appellant, v. Richard Anderson, Respondent-Appellee).

Second District   No. 86—0256

Opinion filed March 10, 1987.

James E. Ryan, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, of counsel), for the People.

No brief filed for appellee.

JUSTICE DUNN delivered the opinion of the court:

A petition was filed in the circuit court of Du Page County to have the respondent minor declared an abused minor and made a

ward of the court pursuant to the provisions of the Juvenile Court Act (Ill. Rev. Stat. 1985, ch. 37, pars. 702—1, 702—4). The father, Richard Anderson, and mother, Janet Senseney, were also named as respondents in the petition. From an order of the trial court dismissing the petition on the ground the petition is barred by collateral estoppel, the State appeals, contending error on the part of the trial court. For the reasons set forth below, we reverse the decision of the trial court.

This action stems from the dissolution of the marriage of the respondents, Richard and Janet Sue Anderson, a/k/a Janet Sue Senseney. The respondents were married on August 10, 1968, and their marriage was dissolved in Cook County on November 14, 1979. Two children were born as a result of the union. A written separation agreement granted Janet custody of the two minor children and provided for visitation rights.

On June 15, 1984, the circuit court of Du Page County suspended Richard's visitation rights, until further order of the court, based on Janet's allegations of sexual misconduct with their minor son. The trial court conducted hearings on the matter, and on August 10, 1984, entered an order which found that Richard had not engaged in sexual child abuse. The order also reinstated his visitation rights, except for supervised overnight visitation, and denied his petition for a rule to show cause. (*In re Marriage of Anderson* (1985), 130 Ill. App. 3d 684, 687.) Richard filed a motion to reconsider that order which the court denied. This court later reversed the portion of the trial court's ruling which restricted Richard's visitation rights, and remanded the cause to the trial court. See 130 Ill. App. 3d 684, 688.

Thereafter, Janet moved in the trial court in the other proceeding to voluntarily dismiss her petition for enrollment, alleging that "(N)o hearing has ever been had regarding the enrollment of the Cook County decree," and that motion was granted by the trial court. On appeal from that order, this court, by order entered pursuant to Supreme Court Rule 23 (87 Ill. 2d R. 23), reversed and remanded the cause for further proceedings, holding that granting voluntary dismissal was improper in that hearings on the visitation issue had begun, thus precluding dismissal under section 2—1009(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009(a)). The record in the present case is silent as to what proceedings, if any, subsequently transpired in the other proceeding.

Sometime in 1984, the State filed a juvenile petition (cause No. 84 J 438) which requested that the court find the respondents' minor son an abused minor. That petition was subsequently withdrawn on May

7, 1985.

On October 30, 1985, the State commenced this action by filing a second petition (cause No. 85 J 0519) which requested that the court declare the minor abused and make him a ward of the court. At this time the court appointed a guardian *ad litem* to represent the interests of the minor. Richard then filed a motion to dismiss the proceeding in which he argued that the issue of abuse had already been adjudicated in his favor as part of the dissolution of marriage proceeding where Janet had sought to restrict his visitation privileges. Thus, Richard argued that the State was collaterally estopped from proceeding with the petition because the abuse issue had already been decided. Furthermore, he contended that the minor had previously been made a ward of the court pursuant to the dissolution proceeding. In its response the State argued that collateral estoppel did not apply to this proceeding as the parties were different, the issues were different, and also there had been no final judgment in the prior dissolution proceeding.

On February 25, 1986, the court heard oral argument on the motion to dismiss. Richard argued that although not a prior party, the State was *actually* in privity with Janet and, thus, was bound by the prior finding in the divorce court proceeding. In response, the State admitted that its petition detailed the same allegations of abuse made in the dissolution proceeding. However, the State contended that (1) the State had not been a party to the dissolution proceeding; (2) the issues to be decided by this juvenile petition were not the same as those in the dissolution proceeding; and (3) there has been no final judgment as to the abuse issue; rather, the judge had merely stated that there was "no finding with regard to sexual abuse."

The guardian *ad litem* then opined that it would not be in the best interests of the child if there was renewed litigation on the question of abuse. At the conclusion of the hearing, the court dismissed the petition with prejudice. Specifically, the court found that based on the previous hearings, the State was collaterally estopped from proceeding on its petition. The State now appeals from that decision.

Although the respondent has not filed a brief on appeal, we will consider the issues presented pursuant to the standards of *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133. At the hearing Richard argued that the State should be collaterally estopped from litigating the issue of whether his son had been abused because that question had been litigated in the prior dissolution proceeding. On appeal the State argues that the doctrine of collateral estoppel does not apply since the requirements—a final judg-

ment, an identity of issues, and an identity of parties—are not present in this case.

The doctrine of collateral estoppel applies when a party or someone in privity with a party participates in two separate and consecutive cases arising on different causes of action and some controlling fact or question material to the determination of both causes has been adjudicated against the party in the former suit. (*Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 252.) "The law is clear that one is not estopped or barred by a prior adjudication if he was not a party to such action and does not stand in the relation of privity to one who was a party." *Smith v. Bishop* (1962), 26 Ill. 2d 434, 438.

The parties to the dissolution proceeding in question were the respondents Richard Anderson and his former wife, Janet Sue Anderson, a/k/a Janet Sue Senseney. The State was not a party in that action. With respect to the juvenile petition, however, the State acted in the interest of the minor when it alleged an act of sexual abuse by Richard Anderson. Upon the filing of a petition under the Juvenile Court Act, the People become the real party complainant and must prosecute the proceeding. The Juvenile Court Act is based upon the right inherent in the State to take over the custody of a child when circumstances make it necessary for the welfare of the child and of the State to do so, and upon the institution of any proceeding under the Act, the People become the real party to the controversy. (*People v. Piccolo* (1916), 275 Ill. 453, 455.) Nevertheless, Richard Anderson asserted in the trial court that the State is in privity with his wife and, thus, an identity of parties exists. This assertion, however, is unsupported by any evidence in the record or any legal authority.

In resolving this issue we find the decision rendered in *City of Naperville v. Morgan* (1984), 126 Ill. App. 3d 91, to be persuasive; in that case the defendant was issued a citation for violation of a local DWI ordinance, which listed the city of Naperville as the plaintiff. Subsequently, in a proceeding under the implied-consent provision of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1), the trial court found, "by stipulation, no probable cause for the defendant's arrest *** for Driving While Under the Influence of Intoxicating Liquor." (126 Ill. App. 3d 91, 92.) The defendant then filed a motion to quash his arrest, contending that the prior finding of no probable cause to arrest him for DWI in the implied-consent proceeding was *res judicata* as to the pending DWI ordinance charge and that the court should dismiss Naperville's DWI charge against him. On appeal, this court found that Naperville was not a party to the proceeding under the implied-consent provision of the Illinois Vehicle

Code and also that the implied-consent hearing is a separate and distinct proceeding and progresses independently of the related municipal prosecution for DWI. Thus, Naperville was neither a party to the implied-consent proceeding, nor was it in privity with the State. See 126 Ill. App. 3d 91, 93.

■ In the case at bar, the State was neither a party to the prior dissolution of marriage action nor in privity with the mother of the respondent minor. The State, therefore, cannot be collaterally estopped as a result of the other proceeding. There being no identity of parties, the trial court erred when it dismissed the State's juvenile petition based upon collateral estoppel.

Accordingly, the judgment of the circuit court of Du Page County is reversed, and this cause is remanded for further proceedings.

Reversed and remanded.

REINHARD and NASH, JJ., concur.