**Isaac JOHNSON, Plaintiff,**

v.

**CITY OF CHICAGO, et al., Defendants.**

**No. 84 C 4411.**

United States District Court,
N.D. Illinois, E.D.

March 22, 1989.

Isaac Johnson, Joliet, Ill., pro se.

Judson H. Miner, Corp. Counsel of the City of Chicago, Martha Roess Barglow, Asst. Corp. Counsel, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

CONLON, District Judge.

Isaac Johnson was tried and convicted of murder and unlawful restraint in the Circuit Court of Cook County. The conviction rested on a number of items of circumstantial evidence linking him to the victim at the place and time of the murder. In addition, the prosecution introduced police testimony that Johnson orally confessed to the crime after a witness identified him in a lineup as the man whom he saw with the victim shortly before her death. Although Johnson's counsel hinted during opening arguments that the statements were not freely and voluntarily made, Johnson introduced no evidence at trial to show that the confession was coerced. Instead, he maintained throughout the trial that he never gave police any statement at all. The focus of the defense therefore centered on the veracity of the police officer who took the oral confession rather than use of force against Johnson.

The conviction was affirmed on appeal. *See People v. Johnson,* 122 Ill.App.3d 532, 78 Ill.Dec. 1, 461 N.E.2d 585 (1984). Shortly thereafter, Johnson commenced this pro se civil rights suit seeking damages under 42 U.S.C. § 1983 against three Chicago police officers.[1] The complaint alleged that the officers severely beat Johnson "about the head and other portions of his body ... until plaintiff made self-incriminating statements." Johnson averred that a representative from the public defender's office took pictures of the scars the beating inflicted on his body. Defendants moved for summary judgment contending that Johnson's conviction collaterally estopped him from suing the police officers for excessive use of force during his interrogation. Judge Leinenweber denied the motion in a minute order dated December 10, 1986. Defen-

---

1. The City of Chicago and the Chicago Police Department were also named as defendants. The court dismissed them from the case in a prior order.

dants are once again before the court on a summary judgment motion. Although the motion clothes the preclusion argument in some new trappings, the additional finery still is not enough to disguise a losing cause.

Defendants present two arguments in their summary judgment motion. First, they renew their contention that Johnson's conviction precludes him from relitigating the voluntariness of his confession in a civil rights damage action. This time they maintain the complaint is barred not only by principles of issue preclusion, or collateral estoppel as it is sometimes referred to, but also by claim preclusion, or *res judicata* in the narrow sense. They further assert that the complaint is really a thinly veiled attempt to challenge the validity of Johnson's conviction that must be brought by way of habeas corpus, not Section 1983.

## PRECLUSION DEFENSE

It is now well established that the defenses of issue and claim preclusion may be asserted in a civil rights action under 42 U.S.C. § 1983. *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Farmer v. Lane,* 864 F.2d 473, 476 (7th Cir.1988). It is equally well settled that the law which governs the preclusive effect a state court judgment will have in a Section 1983 case is, as 28 U.S.C. § 1738 mandates, the law of the state that rendered the judgment. *Migra v. Warren City School Dist. Bd. of Ed.,* 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); *Haring v. Prosise,* 462 U.S. 306, 313, 103 S.Ct. 2368, 2373, 76 L.Ed.2d 595 (1983); *LaSalle Nat'l Bank v. County of DuPage,* 856 F.2d 925, 930 (7th Cir.1988). The court therefore must look to the Illinois law of issue and claim preclusion to determine what preclusive effect it must give to Johnson's conviction.

## CLAIM PRECLUSION

■ Defendants argue that concepts of claim preclusion bar Johnson's excessive use of force claim against them. In Illinois, "[t]he doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any future actions between the same parties or their privies on the *same* cause of action." *Suttles v. Vogel,* 126 Ill.2d 186, 195, 127 Ill.Dec. 819, 533 N.E.2d 901 (1988) (emphasis in original); *see also LaSalle Nat'l Bank,* 856 F.2d at 931. Defendants clearly have no grounds for applying the rule in this case. This civil rights damage action obviously does not involve the same cause of action as Johnson's criminal proceeding. Furthermore, the identity of the parties required for claim preclusion is not present in this suit.

The federal courts have had some difficulty in deciphering Illinois law governing what constitutes a cause of action for purposes of applying *res judicata. See LaSalle Nat'l Bank,* 856 F.2d 931–33; *Hagee v. City of Evanston,* 729 F.2d 510, 512–13 (7th Cir.1984). As Judge Flaum noted in *Hagee,* the cases can be analyzed under either the "proof" approach or the "transactional" approach. *Id.* at 513. Under the "proof" approach, the identity of causes of action is dependent on whether the same evidence would sustain both actions. The evidence needed to sustain Johnson's conviction manifestly is not the same as that necessary to prove the civil excessive use of force claims raised in this case. Under the "transactional" approach, the identity of causes of action turns on whether they arise from a common core of facts. Here again there is no identity of causes of action. The facts relevant to Johnson's conviction concerned the commission of the crimes for which he was convicted, not what transpired in the police station after Johnson's arrest. Absent any identity between the causes of action, defendants cannot use claim preclusion to bar Johnson's suit against the police.

Claim preclusion in Illinois also requires an identity of the parties. There is no mutuality between the parties in this case. The State as prosecutor in Johnson's criminal proceeding cannot be considered to be in privity with the City of Chicago police officers who are defendants in this Section 1983 action. *Cf. City of Naperville v. Morgan,* 126 Ill.App.3d 91, 93, 81 Ill.Dec. 547,

548–49, 466 N.E.2d 1349, 1350–51 (1984). Defendants' argument that Illinois rules of claim preclusion bar this action therefore is unavailing.

## ISSUE PRECLUSION

■ Defendants also renew the defense of issue preclusion, even though Judge Leinenweber already rejected it in an earlier order in this case. Judge Leinenweber's decision is now the law of this case and cannot be revisited absent clear and convincing reasons to do so. *See United States v. City of Chicago*, 853 F.2d 572, 576 (7th Cir.1988). Defendants' reasons for having this court overrule Judge Leineweber's rebuff of their issue preclusion defense are untenable.

Judge Leinenweber gave two grounds for his decision that Johnson's conviction did not bar his civil rights claim against the police who allegedly beat him in the police station. Citing *Brown v. Green*, 738 F.2d 202, 206 (7th Cir.1984), he applied the Illinois rule that "facts underlying a criminal conviction are not given preclusive effect in a subsequent civil action." He further noted that issue preclusion could not bar Johnson's excessive use of force claim because the issue was never actually litigated in the criminal proceedings. Johnson did not raise the issue of a coerced confession because he maintained throughout his trial that he had never confessed. This court agrees with Judge Leineweber's analysis.

Illinois adheres to the traditional rule that a criminal conviction obtained after trial is only *prima facie* evidence of the facts upon which the conviction is based. *Rodriguez v. Schweiger*, 796 F.2d 930, 933 (7th Cir.1986), *cert. denied*, 481 U.S. 1018, 107 S.Ct. 1899, 95 L.Ed.2d 506 (1987); *Brown*, 738 F.2d at 206 (7th Cir.1984); *Stevenson v. City of Chicago*, 638 F.Supp. 136, 138 (N.D.Ill.1986). Because a conviction after trial has no preclusive effect under Illinois law, defendants cannot rely on the fact of Johnson's convicted to bar his damage claim on grounds of issue preclusion. Defendants' attempt to limit this rule to the peculiar factual circumstances of *Brown*, where the charges underlying

the conviction were dismissed after the defendant successfully completed a term of supervision, is unconvincing. The Illinois Supreme Court announced its *"prima facie"* rule in *Thornton v. Paul*, 74 Ill.2d 132, 23 Ill.Dec. 541, 384 N.E.2d 335 (1978). Nothing in *Thornton* or other Illinois cases applying the rule would indicate it is limited to situations such as the Seventh Circuit faced in *Brown.* The conviction is given no preclusive effect "where a defendant has been criminally convicted on the merits at trial." *Rodriguez*, 796 F.2d at 933. It may, where relevant, be admitted into evidence in a subsequent civil action involving matters related to the criminal prosecution, but a conviction will not support a collateral estoppel defense.

Judge Leinenweber also held that issue preclusion did not apply in this case because the issue in this case, whether defendants used excessive force against Johnson in the course of their interrogation of him, was not decided in the course of Johnson's criminal prosecution. Under Illinois law there are four essential elements to an issue preclusion defense. Issue preclusion cannot operate as a bar in subsequent litigation unless: (1) the party against whom the estoppel is asserted was a party to the prior litigation; (2) the issues which form the basis of the estoppel were actually litigated and decided on the merits in the prior suit; (3) the resolution of the particular issues was necessary to the court's judgment; and (4) those issues are identical to issues raised in the subsequent suit. *Farmer*, 864 F.2d at 477. This court agrees with Judge Leinenweber that defendants cannot invoke the issue preclusion defense here because the issue in Johnson's complaint was never actually litigated and decided on the merits in the prior suit. Indeed, the issue was never even raised in the prior proceeding.

Defendants contend that the jury verdict implicitly rejected Johnson's claim of a coerced confession. They assert that the jury must have resolved any questions concerning the voluntariness of Johnson's statement because it heard protracted testimony about the confession and the circum-

stances surrounding its taking. Defendants, however, can only speculate as to what the jury relied on in reaching its verdict. *See Emich Motors Corp. v. General Motors Corp.*, 340 U.S. 558, 569, 71 S.Ct. 408, 414, 95 L.Ed. 534 (1951). Theoretically, it could have not believed the officer's testimony that Johnson gave a statement implicating himself in the crime and still have found him guilty on the basis of the other circumstantial evidence introduced at the trial. *See Richardson v. Fleming*, 651 F.2d 366, 374 n. 17 (5th Cir. 1981). Defendants cite no Illinois authority that would permit the court, for purposes of applying issue preclusion, to peer past a general verdict of guilt to divine what facts the jury relied on in reaching its decision. To the contrary, Illinois courts have a policy not to apply claim or issue preclusion where to do so would require the court to speculate as to the factual basis and grounds for the prior judgment. *Department of Transportation v. Shaw*, 68 Ill.2d 342, 347–48, 12 Ill.Dec. 177, 179, 369 N.E. 2d 884, 886 (1977); *see also Jones v. City of Alton*, 757 F.2d 878, 885–86 (7th Cir.1985) All that can be determined by the conviction in this case is that Johnson committed the crimes with which he was charged. The conviction may be used in a subsequent civil suit as *prima facie*, but not conclusive evidence that Johnson murdered and unlawfully restrained his victim. But, on the record in this case, it cannot be used to preclude Johnson from showing that force was used to make him confess to those crimes.

Even if the conviction were given preclusive effect with respect to the fact of Johnson's confession, it would not bar this case. The only question concerning the confession raised at trial was whether Johnson truly did give police an inculpatory statement. But that is not the issue in this case. Johnson seeks damages for the alleged beating he suffered at the hands of defendants. Whether defendants used force to coerce a statement from Johnson was not an issue that was put before the jury. Since the jury had no way of deciding the issue raised in this case, it could not

have been actually litigated and directly determined as required under Illinois law.

Defendants nonetheless argue that Johnson should be barred from bringing this suit because he could have raised the issue of a coerced statement at his trial if he had wanted to. Defendants urge, in essence, that Johnson had a full and fair opportunity to litigate the claim at his trial and, having failed to do so, has now waived it for all subsequent litigation. They cite *Palma v. Powers*, 295 F.Supp. 924 (N.D.Ill. 1969) to support their "waiver" theory of preclusion.

Defendants' position has some allure and is not without its advocates. *See* Vestal & Coughenour, *Preclusion/Res Judicata Variables: Criminal Prosecutions*, 19 Vand.L.Rev. 683, 711–16 (1966). The waiver approach replaces the "actual litigation" requirement in the issue preclusion formula with a less restrictive "incentive and opportunity to litigate" standard. The argument under this approach is that Johnson had the greatest incentive to raise the issue of coerced confession at his trial because his very freedom was at stake. Evidence of the confession, although not conclusive, certainly was damaging and a different result may have obtained had he successfully had it suppressed. Johnson forwent the opportunity to contest the voluntariness of the statement in his criminal prosecution in favor of a no-confession-at-all defense. Having maintained that he never gave a confession, Johnson, defendants contend, should now be precluded from asserting the somewhat contradictory claim that police used excessive force against him to elicit a confession.

Despite its surface appeal, the "waiver" theory of collateral estoppel set out in *Palma* is not appropriate in this case. *Palma* was decided long before the Supreme Court made it clear in *Allen, Haring,* and *Migra* that federal courts were to apply state preclusion rules to Section 1983 claims and could give a state court judgment no greater effect than would be given by the court of the state rendering it. Although Illinois law governs resolution of defendants' issue preclusion defense, the *Palma* analysis did

not refer to any Illinois cases or make any attempt to apply Illinois law. Nor do defendants cite any cases that would indicate that Illinois has abandoned the traditional "actual litigation" approach to issue preclusion in favor of the "waiver" theory advanced in *Palma*. The *Palma* "waiver" theory of preclusion is a minority position that has found as much criticism as acceptance. 18 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure*, § 4419 (1981); *see Whitley v. Seibel*, 676 F.2d 245, 249 n. 8 (7th Cir.), *cert. denied*, 459 U.S. 942, 103 S.Ct. 254, 74 L.Ed.2d 198 (1982); *cf. Haring*, 462 U.S. at 318-20, 103 S.Ct. at 2375-77; (theory of Fourth Amendment waiver unsupportable in the context of preclusion). The *Restatement (Second) of Judgments* continues, with minor exceptions not relevant here, to require actual litigation of an issue for it to have preclusive effect. *See Bower v. O'Hara*, 759 F.2d 1117, 1125-26 (3d Cir.1985). Illinois law governing matters of preclusion generally is consistent with the positions adopted in the *Restatement (Second)*. *See Torres v. Rebarchak*, 814 F.2d 1219, 1225 (7th Cir.1987). Reflecting the majority view, a judgment in an Illinois court is given issue preclusive effect "only as to the issue actually litigated and determined, not as to other matters which might have been litigated and determined." *Housing Authority v. YMCA*, 101 Ill.2d 246, 252, 78 Ill.Dec. 125, 128, 461 N.E.2d 959, 962 (1984). Because the issue in this suit was not actually litigated in Johnson's criminal trial, defendants cannot bar him from raising it here. Consequently, the court concludes that issue preclusion does not apply to this case.

## HABEAS CORPUS

Defendants argue that this action can only be brought, if at all, as a habeas corpus petition. They assert that Johnson's claim that defendants coerced self-incriminating statements from him goes to the validity of his state court conviction. They maintain that a convicted felon cannot use a Section 1983 damage suit to mount a collateral attack on his conviction. Because Johnson's claim is so inextricably entwined to the validity of his conviction, it must, according to defendants, be brought as a habeas corpus petition. Defendants note, however, that Johnson's strategic decision to challenge the fact rather than the voluntariness of his confession has resulted in a waiver of any right to use the confession issue to collaterally attack his conviction in a habeas corpus petition.

The cases defendants cite provide scant support for their position. Nonetheless, there is authority in this Circuit that "Section 1983 may not be used to mount a collateral attack on the plaintiff's criminal conviction, for that would circumvent the requirement in the federal habeas corpus statute that a state prisoner exhaust his state remedies before turning to the federal courts." *Scruggs v. Moellering*, 870 F.2d 376, 378-79 (7th Cir.1989); *see also Crump v. Lane*, 807 F.2d 1394, 1400 (7th Cir.1986); *Hanson v. Heckel*, 791 F.2d 93, 96 (7th Cir.1986) (per curiam). These cases, however, are readily distinguishable from Johnson's.

The principle that habeas corpus is the exclusive federal remedy for a prisoner who challenges the fact or duration of his confinement and seeks by way of relief a determination that he is entitled to an immediate or speedier release is firmly established. *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973). *Preiser*, however, specifically exempted a claim for damages from the exhaustion requirement because "habeas corpus is not an appropriate or available federal remedy" for a damages claim which is for "something other than immediate or more speedy release." *Id.* at 494, 93 S.Ct. at 1838; *see also Wolff v. McDonnell*, 418 U.S. 539, 554-55, 94 S.Ct. 2963, 2973-74, 41 L.Ed.2d 935 (1974). It would appear therefore that a prisoner's Section 1983 suit seeking only damages could be brought directly to federal court without prior resort to the state court. The courts, however, have not read *Preiser* to allow a prisoner to proceed on every damage claim without first exhausting state remedies.

One of the deviations from the *Preiser* rule allowing a damage claim to proceed without prior exhaustion reflects the con-

cerns for comity and federalism underlying the abstention doctrine set out in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).[2] Prisoners frequently bring Section 1983 suits seeking damages against police officers and others involved in their criminal prosecution. To the extent these damage claims, if proven, would undermine the validity of a conviction or otherwise interfere with an ongoing state criminal prosecution, the federal courts have required the inmate to first exhaust his state court remedies. *Feaster v. Miksch*, 846 F.2d 21, 24 (6th Cir.) *cert. denied*, —— U.S. ——, 109 S.Ct. 148, 102 L.Ed.2d 120 (1988); *Williams v. Hepting*, 844 F.2d 138, 144 (3d Cir.) *cert. denied*, —— U.S. ——, 109 S.Ct. 135, 102 L.Ed.2d 107 (1988); *Miner v. Brackney*, 719 F.2d 954, 956 (8th Cir.1983) *cert. denied*, 467 U.S. 1259, 104 S.Ct. 3554, 82 L.Ed.2d 856 (1984) (per curiam); *Parkhurst v. Wyoming*, 641 F.2d 775, 777 (10th Cir.1981) (per curiam); *Landrigan v. City of Warwick*, 628 F.2d 736, 743–44 (1st Cir.1980); *see Crump*, 807 F.2d at 1400 n. 5. These cases express the federal court's preference to allow state court proceedings to run their course without undue federal interference. Once the prisoner has exhausted his state court remedies, he is free to pursue his Section 1983 damage claim, to the extent it is not barred by state rules of issue preclusion. That a Section 1983 damage claim raising issues relevant to a state criminal proceeding is not foreclosed but only delayed pending exhaustion of state remedies is implicitly recognized by the courts' insistence that the damage claim not be dismissed if the delay might cause the prisoner to run afoul of the applicable state statute of limitations. *Franklin v. Webb*, 653 F.2d 362, 364 (8th Cir.1981) (per curiam); *Richardson*, 651 F.2d at 373; *see Hanson*, 791 F.2d at 96; *cf. Williams*, 844 F.2d at 145 (where abstention involved, court must stay, rather than dismiss, pending outcome of state proceedings). *Younger*, however, is of no concern in this case. State proceedings in

Johnson's criminal case terminated long ago.

▬ The second limitation on the *Preiser* rule arises when a decision on a prisoner's Section 1983 damage claim "would be tantamount to a decision on his entitlement to a speedier release." *Hanson* 791 F.2d at 96. Cases like *Hanson* teach that a court must determine the nature of a suit by examining the substance of the asserted claim rather than just the relief requested in the complaint. *Id.* If "the core of the prisoner's claim is the length or duration of his sentence and any claim of damages is purely ancillary to and dependent on a favorable resolution of the length or duration of his sentence, the proceedings must first be in habeas and are subject to exhaustion." *Crump*, 807 F.2d at 1401 (citation omitted). Courts have had great difficulty in defining the demarcation line between civil rights actions and habeas corpus petitions. *Id.* at 1401 n. 7. *See generally* Schwartz, *The Preiser Puzzle: Continued Frustrating Conflict Between the Civil Rights and Habeas Corpus Remedies for State Prisoners*, 37 DePaul L.Rev. 85 (1988). A review of the Seventh Circuit cases in this area is helpful in determining when a Section 1983 damage claim is tantamount to a habeas corpus claim and subject to the exhaustion of state remedies requirement.

▬ In *Hanson*, an Illinois inmate brought a Section 1983 suit seeking damages and a declaratory judgment that defendants had denied him meritorious good time in violation of his constitutional rights. Despite plaintiff's damage claim, the court upheld the district court's decision construing the complaint as a habeas corpus petition and requiring plaintiff to exhaust his state court remedies. To evade the exhaustion requirement, a Section 1983 damage claim must attack something other than the fact or length of confinement. 791 F.2d at 95 n. 3. Because loss of good time was the *only* injury for which the

---

2. The Supreme Court has yet to decide whether the *Younger* doctrine applies to complaints seeking only monetary relief. *See Deakins v. Monaghan*, 484 U.S. 193, 108 S.Ct. 523, 529, 98 L.Ed.

2d 529 (1988); *Tower v. Glover*, 467 U.S. 914, 923–24, 104 S.Ct. 2820, 2826–27, 81 L.Ed.2d 758 (1984).

prisoner sought damages, the court refused to allow him to proceed with his damage while his state habeas corpus petition was pending.

In *Crump*, the court considered a prisoner's Section 1983 claim that the parole board had deprived him of his constitutional rights by denying him parole release without good or legally permissible reason. The court found that plaintiff had adequate state remedies for his claim. 807 F.2d at 1395–99. Noting that continued confinement was the only constitutional injury for which plaintiff sought damages, the court, as in *Hanson*, subjected the damage claim to the exhaustion requirement routinely imposed in habeas corpus proceedings.

In *Scruggs*, the inmate brought a suit alleging that officials involved in his criminal prosecution had doctored his transcript. He sought Section 1983 damages and an order directing defendants to prepare an accurate transcript for him to use in postconviction proceedings. The court found defendants immune from damages. It dismissed the claim for injunctive relief on grounds that plaintiff had an adequate remedy before the state court entertaining his postconviction petition. Alternatively, it held that the suit could not be maintained without exhaustion because plaintiff wanted "an injunction under section 1983 *solely* in order to facilitate his attack on his conviction," 870 F.2d at 379 (emphasis in original). The court distinguished *Lumbert v. Finley*, 735 F.2d 239 (7th Cir.1984). In *Lumbert*, a prisoner had sought damages for defendants' refusal to provide him a transcript for appeal. The prisoner in *Lumbert* was allowed to proceed without exhaustion in that case because he "was not seeking to challenge his conviction or get out of prison sooner; he was seeking damages for the wrong." *Id.* at 379. But where, as in *Scruggs*, "the ultimate—and only ultimate—aim is to shorten the length of imprisonment" the court must require exhaustion before it can entertain a suit for relief under Section 1983. *Id.*

■ The exhaustion rule imposed in *Hanson, Crump*, and *Scruggs* is not appropriate to this case for two reasons. John-

son's case differs from those cases in that the injury underlying Johnson's damage claim is neither his conviction nor his continued confinement. Johnson seeks relief for the injuries sustained when defendants allegedly beat him. Because his claims do not directly and solely relate to the fact or duration of his confinement, they fall outside the core of habeas corpus and may be maintained under Section 1983 without exhaustion. Second, Johnson, unlike plaintiffs in *Hanson, Crump*, and *Scruggs*, already has exhausted his state court remedies. As defendants themselves concede, Johnson, having failed to raise the issue at trial, has waived his right to seek state or federal postconviction relief on grounds that he was unconstitutionally convicted on the basis of a coerced confession. *See Dortch v. O'Leary*, 863 F.2d 1337, 1342–43 (7th Cir.1988). Thus, even if Johnson somehow can overcome his silence on the matter during his criminal trial and succeed in convincing the factfinders in this case that defendants beat him, he will not be able to obtain release from his confinement through a separate action collaterally attacking his conviction.

The Seventh Circuit case most analogous to Johnson's is *Smith v. Springer*, 859 F.2d 31 (7th Cir.1988). Plaintiff there brought suit for damages under Section 1983 alleging three Chicago police officers had fabricated evidence in order to secure his conviction after he had refused to give them bribe money. Holding that plaintiff could not use Section 1983 to collaterally attack his conviction, the district court granted summary judgment in favor of defendants. The Seventh Circuit reversed, stating:

> Smith does *not* seek a declaration from a federal court that his conviction was invalid; nor does Smith seek any other form of equitable relief. Smith does not directly challenge the validity of his conviction. He does not attack the fact nor the length of his confinement—nor could he, since he has already served his time. Smith filed his section 1983 action after he was already released from custody. Rather, Smith's lawsuit seeks damages

from the police officers who allegedly fabricated evidence which led to his conviction. His section 1983 claim challenges the legality of the conduct of the officers and does not impugn the integrity of the state judicial system. Although the correctness of Smith's conviction may be seriously undermined if he succeeds on his claim, he does not seek this result directly. His lawsuit challenges the conduct of the police officers and not the actions or procedures of the Illinois courts. Thus, Smith's section 1983 claim is not a collateral attack on his state court conviction....

*Id.* at 33. *Smith* makes it clear that the fact that a damage claim may "seriously undermine" a conviction does not necessarily require it to be treated as a habeas corpus petition. True, Johnson, unlike Smith, has not completed service of his sentence. But that is an unimportant distinction here. Johnson cannot pursue his claim in habeas corpus. He thus is basically in the same position as Smith. He effectively has no remedy other than his section 1983 damage claim available to him. Because resolution of his damage claim could have no effect on his confinement, it would make little sense to require him to postpone his suit until his release. Moreover, like Smith, Johnson does not challenge his conviction or the procedures in the criminal proceedings that led to his conviction. He only seeks damages for police misconduct that may or may not have played a role in his conviction. A jury's determination that defendants beat Johnson would not be tantamount to a decision entitling him to a speedier release. His suit therefore cannot be dismissed as a disguised habeas corpus petition.

In short, none of the comity concerns that require a court to treat a Section 1983 damage action as a habeas corpus petition are present here. While principles of issue preclusion generally would operate to bar damage claims arising out of a criminal prosecution once the state review proceedings are completed, this case is unusual. The claim Johnson asserts here was never litigated in the criminal case. Johnson's failure to litigate the issue of a coerced

confession may undermine his credibility, but it does not, under Illinois law of preclusion, bar his damage claim against defendants. Johnson may therefore proceed with his Section 1983 damage claim that defendants used excessive force on him during his interrogation without exhausting his state remedies.

Accordingly, the court denies defendants' motion for summary judgment.