PAPERS UNLIMITED, Plaintiff-Appellant, v. EDWARD PARK, Defendant-Appellee.

First District (6th Division)   No. 1—91—3444

Opinion filed September 10, 1993.

Robert P. Sheridan, of Chicago, for appellant.

Jackson Williams, of Chicago, for appellee.

JUSTICE GIANNIS delivered the opinion of the court:

Plaintiff, Papers Unlimited, appeals from an order of the circuit court of Cook County which dismissed its complaint against defendant, Edward Park, for money due and owing on an account stated. The dismissal was based on the principle of *res judicata*, which plaintiff claims was wrongfully applied.

The record shows that on March 5, 1991, plaintiff filed a verified complaint against defendant alleging that he was indebted to plaintiff in the amount of $1,663.50 for supplies, merchandise and goods which had been delivered and received under special order. Plaintiff brought the action against defendant individually and doing business as Mayfair Graphics, a/k/a Mayfair International Graphics. Plaintiff further alleged that defendant had made partial payments on the account, that he never objected to the propriety of the account balance, and that he remains liable for the balance due and owing. In support of this claim, plaintiff attached the affidavit of its controller which incorporated the account in question. This reflected charges accruing to "P.K. Advertising," a credit, and a balance due of $1,663.50. Defendant was personally served with summons, and his attorney filed an appearance on his behalf.

On April 11, 1991, defense counsel filed a motion to dismiss the complaint pursuant to section 2—619 of the Illinois Code of Civil Procedure. (Ill. Rev. Stat. 1989, ch. 110, par. 2—619.) In that motion defendant alleged that the case was barred by reason of *res judicata* in that the same cause of action had been brought in Papers Unlimited v. P.K. Advertising, 90—M1—122045, and decided adversely to plaintiff on January 4, 1991. Defendant further alleged that the complaints in each case showed that the same goods were the subject of both actions, and if plaintiff wanted to sue defendant personally, plaintiff was obligated to do so in the first action.

In its written response, plaintiff asserted that the case was not barred by reason of *res judicata* and that at the very least there was a substantial issue of fact stemming from the position defendant had taken at the trial held in the initial cause of action. Plaintiff maintained that the case had been brought in reliance on the statements made by defendant to plaintiff's counsel, which defendant then denied at trial. In support of its position plaintiff filed the affidavit of its

counsel which stated, *inter alia*, that plaintiff had sold goods to a business entity entitled Mayfair Graphics but received no payment. In seeking remuneration for these goods, counsel contacted defendant by telephone on February 12, 1990. In that conversation defendant told counsel that the merchandise in question had been purchased by P.K. Advertising, a business entity owned solely by him. Defendant also stated that although there was nothing wrong with the goods shipped, he felt he had been overcharged, but he agreed to make payment while the specific costs were being verified. At the time of trial, however, defendant took the position that P.K. Advertising was not related to Mayfair Graphics, and that he had no responsibility for the payment of the goods in question.

The trial court granted the defense motion on April 26, 1991, and awarded costs to defendant. On May 23, 1991, plaintiff filed a motion asking the court to vacate and reconsider its decision. Plaintiff pointed out that the materials filed by plaintiff in response to the defense motion to dismiss had not been recorded on the memorandum of orders, and for this reason counsel was under the impression that the court had not examined this response nor considered it in arriving at its decision. Plaintiff's motion was heard on September 10, 1991. The written order memorializing the court's denial of plaintiff's motion specifically noted that the court had considered the affidavit of plaintiff's counsel prior to entering its original dismissal order.

Plaintiff appeals, contending that the dismissal order based on *res judicata* was erroneous.

■ We initially address defendant's assertion that plaintiff's claim is unsupported by the record because no transcript or bystanders' report is included (134 Ill. 2d R. 323). In the instant case, the primary issue raised is one of law (see *City of Naperville v. Morgan* (1984), 126 Ill. App. 3d 91, 93, 466 N.E.2d 1349), and there is no indication that evidence was taken in the trial court. Because the court's decision was based on the material which is contained in the record, we are sufficiently equipped to consider the propriety of the trial court's action based upon the record before us. See *Johnson v. Lynch* (1977), 66 Ill. 2d 242, 245, 362 N.E.2d 345.

Turning to the substantive issue before this court, we note that a motion to dismiss brought under section 2—619 admits all well-pled facts (*Bio-Medical Laboratories, Inc. v. Trainor* (1977), 68 Ill. 2d 540, 545, 370 N.E.2d 223), but conclusions of law may be disregarded (*Williams v. Board of Education* (1991), 222 Ill. App. 3d 559, 562, 584 N.E.2d 257). Defendant has the burden of proving the affirmative defense relied upon in the motion to dismiss. (*Kirby v. Jarrett* (1989),

190 Ill. App. 3d 8, 12, 545 N.E.2d 965.) Where a motion to dismiss is made pursuant to section 2—619 on grounds not appearing on the face of the pleading attacked, the motion must be supported by affidavit. *MBL (USA) Corp. v. Diekman* (1985), 137 Ill. App. 3d 238, 241-42, 484 N.E.2d 371; *Premier Electrical Construction Co. v. La Salle National Bank* (1983), 115 Ill. App. 3d 638, 643, 450 N.E.2d 1360; *Davis v. Weiskopf* (1982), 108 Ill. App. 3d 505, 509, 439 N.E.2d 60.

An action may be dismissed with prejudice under the doctrine of *res judicata* where the claim is barred by a prior judgment. (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(4); *Singer v. Brookman* (1991), 217 Ill. App. 3d 870, 875, 578 N.E.2d 1.) This doctrine is based on the public policy which favors judicial economy and the finality of litigation. (*Fried v. Polk Brothers, Inc.* (1989), 190 Ill. App. 3d 871, 877, 546 N.E.2d 1160.) In order for the doctrine of *res judicata* to apply, there must be an identity of parties or their privies, identity of the cause of action and subject matter, and a final judgment on the merits in the earlier suit. *Singer*, 217 Ill. App. 3d at 875; *Fried*, 190 Ill. App. 3d at 877-78.

The complaint alleged a failure of defendant Edward Park, doing business as Mayfair Graphics, to pay the amount due and owing on an account stated for goods and services delivered on special order. Defendant responded that plaintiff was barred from bringing this suit under the doctrine of *res judicata* based upon the prior judgment rendered in the action against P.K. Advertising.

In asserting the defense of *res judicata*, defendant was obligated to establish by affidavit or other evidence that there was an identity of parties or their privies between P.K. Advertising and Edward Park doing business as Mayfair Graphics; the claims asserted in both actions were the same; and a final judgment on the merits had been rendered in the earlier suit.

■ Defendant's motion to dismiss was not supported by affidavit. Aside from the assertions in defendant's motion to dismiss, there is no evidence in the record that plaintiff's cause of action had been litigated and previously determined by a court of competent jurisdiction. The record also does not establish that there was any privity between defendant Edward Park doing business as Mayfair Graphics and P.K. Advertising, the named defendant in the prior action.

The first action brought by plaintiff was against P.K. Advertising. The precise nature of this business entity is not established in the record before us. Unless P.K. Advertising was a legal entity which could be sued, the first action was a nullity, and the dismissal of that complaint would not constitute a final adjudication on the merits. (See

*Bavel v. Cavaness* (1973), 12 Ill. App. 3d 633, 637, 299 N.E.2d 435.) Thus, there would be no *res judicata* effect from that dismissal. If P.K. Advertising was a legal entity, defendant would be obligated to show that he was in privity with that entity in order to assert the defense of *res judicata.*

Where the defense of *res judicata* was not apparent from the face of the pleadings, and the motion to dismiss was not supported by affidavit or verified, the record contains no reliable evidence to support the defendant's claim that plaintiff's cause of action was barred under the doctrine of *res judicata.* Accordingly, we hold that the trial court erred in dismissing plaintiff's action on this basis.

For the foregoing reasons, the order of the circuit court is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

EGAN and RAKOWSKI, JJ., concur.