(No. 69124.—

THE VILLAGE OF PALATINE, Appellant, v. EDWARD REGARD, Appellee.

*Opinion filed July 3, 1990.*

504

Everette M. Hill, Jr., Michael M. Roth and Paul A. Tanzillo, of Glass, Hill, Dallmeyer & Roth, Ltd., of Northbrook, for appellant.

Thomas C. Brandstrader, of Mount Prospect, for appellee.

Ernest R. Blomquist III, of Massucci, Blomquist, Brown & Judson, of Arlington Heights, for *amici curiae* communities of Arlington Heights *et al.*

JUSTICE CLARK delivered the opinion of the court:

On May 29, 1988, appellee, Edward Regard, was arrested by a Village of Palatine police officer and charged with driving while under the influence of alcohol in violation of section 18—1—11—501(a)(2) of the Palatine Code of Ordinances (Palatine, Ill., Code of Ordinances ch. 18, par. 18—1—11—501(a)(2) (1988)). Appellee refused to submit to a breathalyzer test and was, therefore, issued a notice of summary suspension under section 18—1—11—501.1 of the Palatine Code of Ordinances (Palatine, Ill., Code of Ordinances ch. 18, par. 18—1—11—501.1 (1988)).

On June 1, 1988, appellee filed a petition in the circuit court of Cook County to rescind the summary suspension pursuant to section 2—118.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1). A municipal attorney for the Village opposed the petition to rescind. Appellee filed two motions to dismiss the summary suspension, arguing that (1) appellant, the Village of Palatine (the Village), lacked authority to prosecute a summary suspension, and (2) more than 30 days had elapsed following appellee's request for a hearing on his motion to rescind the suspension (see Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b)). The trial court denied both motions and, after a hearing, denied appellee's petition to rescind.

On appeal, appellee claimed that the trial court erred in denying his two motions to dismiss. The appellate court, in an unpublished order (184 Ill. App. 3d 1108 (unpublished order under Supreme Court Rule 23)), reversed, concluding that the Village lacked authority as a home

rule unit of government to enact ordinances governing the summary suspension of drivers' licenses. In light of its conclusion, the appellate court found it unnecessary to address whether the suspension should have been dismissed because more than 30 days had elapsed between appellee's request for a hearing and his hearing. We granted the Village's petition for leave to appeal. (107 Ill. 2d R. 315.) We also granted 10 municipalities, and the Northwest Municipal Conference, leave to file briefs as *amici curiae.* Pursuant to this court's *sua sponte* request, the State's Attorney of Cook County also filed an *amicus curiae* brief.

The statutory scheme governing the suspension of drivers' licenses in Illinois is set forth in the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 1—100 *et seq.*). Under the Illinois Vehicle Code, it is illegal for a person to drive in Illinois "while *** [u]nder the influence of alcohol." (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a).) If a person has been arrested for driving in Illinois while under the influence of alcohol, or for violating "a similar provision of a local ordinance," that person "shall be deemed to have given consent" to a breathalyzer test administered at the direction of the arresting officer. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1(a).) If such a person refuses to submit to a breathalyzer test, the officer "shall immediately submit a sworn report to the circuit court of venue and the Secretary of State, certifying that the test or tests was or were requested *** and the person refused to submit to a test, or tests." (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1(d).) The officer also "shall serve immediate notice of the statutory summary suspension on the person and such suspension shall be effective *** on the 46th day following the date the notice of the statutory suspension was given to the person." (Ill. Rev. Stat. 1987, ch. 95½, pars. 11—501.1(f), (g).) Upon receiving the officer's sworn report, "the Secretary of

State shall enter the statutory summary suspension" (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1(e)) unless the sworn report is defective in that it does not "contain[ ] sufficient information or [has been] completed in error" (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1(i)).

The Illinois Vehicle Code further provides that a person whose license has been summarily suspended "may make a written request for a judicial hearing in the circuit court of venue" to rescind the summary suspension. (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b).) "Upon the conclusion of the *** hearing, the circuit court shall sustain or rescind the statutory summary suspension and immediately notify the Secretary of State." Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b).

Section 20—204 of the Illinois Vehicle Code states that "[t]he corporate authorities of a municipality may adopt all or any portion of this Illinois Vehicle Code by reference." (Ill. Rev. Stat. 1987, ch. 95½, par. 20—204.) Pursuant to section 20—204, the Village adopted by reference section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1), specifying that "[a]ll references in Section 11—501.1 of the Illinois Vehicle Code to other specific sections or to 'this code' shall be to sections of the Illinois Vehicle Code." Palatine, Ill., Code of Ordinances ch. 18, par. 18—28.1(c) (1988).

The summary suspension proceedings in this case were initiated by a Village of Palatine police officer pursuant to the Village ordinances that adopted by reference the statutory summary suspension procedure set forth in section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1). Upon receiving the officer's sworn report, the Secretary of State entered the suspension effective July 14, 1988. Appellee filed a petition, which the Village opposed, to have the suspension rescinded.

The primary issues before this court are whether the Village had the authority to enact ordinances regarding summary suspensions of drivers' licenses, and whether the Village's attorney had the authority to oppose appellee's rescission petition.

In deciding whether a municipality has acted within the scope of its authority, we must first determine whether the General Assembly has expressly authorized the municipal action. If explicit authority to act has been granted, then the municipality can act. (See *Pesticide Public Policy Foundation v. Village of Wauconda* (1987), 117 Ill. 2d 107, 112 ("municipalities possess *** those powers expressly granted").) If, however, no such authority has been granted, then we must look to other factors such as the home rule or non-home-rule status of the municipality (see *County of Cook v. John Sexton Contractors Co.* (1979), 75 Ill. 2d 494, 508) and whether the General Assembly intended to preempt local governmental units from acting (see *Kalodimos v. Village of Morton Grove* (1984), 103 Ill. 2d 483, 503). In this case, as we will explain, the General Assembly has expressly authorized municipalities to adopt by reference the provisions of the Illinois Vehicle Code pertaining to the summary suspension of drivers' licenses. We therefore need not consider other factors in determining whether the Village's conduct in this case was authorized. See *Village of Carpentersville v. Pollution Control Board* (1990), 135 Ill. 2d 463, 474-75.

As stated earlier, the Illinois Vehicle Code provides:

> "§20—204. Adoption by municipality by reference of all or part of Code. The corporate authorities of a municipality may adopt all or any portion of this Illinois Vehicle Code by reference." (Ill. Rev. Stat. 1987, ch. 95½, par. 20—204.)

Municipalities are thus authorized by the plain language of section 20—204 to adopt by reference the statutory

summary suspension provisions of the Illinois Vehicle Code.

Although section 20—204 of the Illinois Vehicle Code was cited and discussed at length by the Village in its briefs and during oral argument, appellee has offered no explanation why that section should not be read as authorizing the Village's conduct in this case. Instead, appellee supports his claim with three arguments that are not related to section 20—204. Appellee first cites section 6—201(c) of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 6—201(c)), which provides, with certain exceptions not applicable here, that "the Secretary of State shall have exclusive authority to grant, issue, deny, cancel, suspend and revoke driving privileges, drivers' licenses and restricted driving permits." He also notes that under the Illinois Vehicle Code, the Secretary of State "is charged with the duty of observing, administering and enforcing the provisions of [the Illinois Vehicle Code]." (Ill. Rev. Stat. 1987, ch. 95½, par. 2—104(a).) These statutory provisions, appellee argues, grant the right to suspend drivers' licenses exclusively to the Secretary of State. We agree. Nevertheless, our analysis does not change.

The Village's ordinances, which adopt by reference the provisions of the Illinois Vehicle Code pertaining to statutory summary suspensions, do not authorize the Village to suspend licenses. Instead, the Village's ordinances, like the Illinois Vehicle Code, leave the power to suspend licenses with the Secretary of State. Under both the Illinois Vehicle Code and the Village ordinances, the Secretary of State enters a statutory summary suspension upon receipt of a properly completed sworn report of a law enforcement officer that a driver refused to take a breathalyzer test after being arrested for violating a State statute or local ordinance prohibiting driving while under the influence of alcohol. (See. Ill. Rev. Stat. 1987, ch. 95½, pars. 11—501.1(a), (e); Palatine, Ill., Code of Ordi-

nances ch. 18, pars. 18—1—11—501.1(a), (e) (1988).) The suspension remains in place even if the driver requests a rescission hearing. (See Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b); Palatine, Ill., Code of Ordinances ch. 18, par. 18—1—2—118.1(b) (1988) (a request for a hearing "shall not stay or delay the statutory summary suspension").) The sole issue at the hearing is whether the suspension should be sustained or rescinded. (See Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b); Palatine, Ill., Code of Ordinances ch. 18, par. 18—1—2—118.1(b) (1988).) Thus, under the Village's ordinances, as with the Illinois Vehicle Code, the Secretary of State has the exclusive authority to suspend drivers' licenses.

Appellee's second argument is that under the Illinois Vehicle Code, only the State's Attorney can oppose petitions for rescission unless the State's Attorney has given a municipal attorney written permission to do so. In this case, the Village, through its municipal attorney, opposed the petition for rescission. No written permission was given by the State's Attorney. Accordingly, appellee argues that the Village lacked the authority to oppose his petition.

Appellee relies upon the third paragraph of section 16—102 of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 16—102) to support his argument. Section 16—102 provides:

"The State Police shall patrol the public highways and make arrests for *violation of the provisions of this Act.*

The Secretary of State, through the investigators provided for in this Act shall investigate and report *violations of the provisions of this Act* in relation to the equipment and operation of vehicles as provided for in Section 2—115 and for such purposes these investigators have and may exercise throughout the State all of the powers of police officers.

The State's Attorney of the county in which [a violation of the Illinois Vehicle Code] occurs shall prosecute all

violations except when the violation occurs within the corporate limits of a municipality, the municipal attorney may prosecute if written permission to do so is obtained from the State's Attorney." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 95½, par. 16—102.

The problem with appellee's argument is that, as is apparent from the italicized language quoted above, the violations referred to in the third paragraph of section 16—102 are violations of the provisions of the Illinois Vehicle Code. Accordingly, section 16—102 merely sets forth who may prosecute violations of the Illinois Vehicle Code. The violations in this case, however, are violations of the Palatine Code of Ordinances. Consequently, the violations in this case can be prosecuted by the Village's attorney.

We note that *People v. LaFrank* (1982), 104 Ill. App. 3d 650, 652, which is cited by appellee, is not contrary to our conclusion here. *LaFrank* merely holds that "[i]n the absence of written permission from the State's Attorney, [a municipal attorney has] no authority to prosecute or to negotiate the disposition of" a case involving a violation of the Illinois Vehicle Code. (*LaFrank*, 104 Ill. App. 3d at 652.) As we have already noted, the instant case does not involve a violation of the Illinois Vehicle Code.

Appellee's final argument is that the Village cannot oppose his rescission petition because the Illinois Vehicle Code does not expressly allow municipalities to do so. However, as we have already discussed, section 20—204 of the Illinois Vehicle Code allows municipalities to "adopt all or any portion of this Illinois Vehicle Code." (Ill. Rev. Stat. 1987, ch. 95½, par. 20—204.) Nothing in the act indicates that the General Assembly intended to except summary suspension proceedings from section 20—204's broad grant of authority to municipalities.

The State's Attorney of Cook County, in his *amicus* brief, unlike appellee, argues that section 20—204 should not be read as granting powers to municipalities. Instead,

the State's Attorney of Cook County argues that section 20—204 "does nothing more than to allow municipalities when enacting ordinances that are otherwise lawful to adopt the language of the Illinois Vehicle Code." We know of nothing which would ever prevent a municipality from using State statutory language in drafting local ordinances. Thus, according to the State's Attorney of Cook County's argument, section 20—204 confers upon municipalities power that municipalities already possess. We reject the State's Attorney of Cook County's argument, as we are not persuaded that the General Assembly enacted section 20—204 to accomplish such a meaningless result. See *Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 388-89.

For the aforementioned reasons, we conclude that the Village had authority under section 20—204 of the Illinois Vehicle Code to adopt by reference provisions of the Illinois Vehicle Code pertaining to the statutory summary suspension of drivers' licenses. We further conclude that the Village's attorney had authority to oppose appellee's petition to rescind the Secretary of State's summary suspension of his driver's license. Accordingly, the judgment of the appellate court is reversed.

In light of its holding that the Village's ordinances were invalid, the appellate court did not consider appellee's claim that he was improperly prosecuted under the Village's ordinances because more than 30 days had elapsed following his request for a hearing. Because we have determined that the Village was acting within its authority, the cause must be remanded to the appellate court to consider this remaining issue. See *J.I. Case Co. v. McCartin-McAuliffe Plumbing & Heating, Inc.* (1987), 118 Ill. 2d 447, 464.

*Judgment reversed;*
*cause remanded.*