Mrs. Telce Mayers CLOUATRE, individually and as natural tutrix, for and on behalf of her minor children, Edward J. Clouatre, Dolores Ann Clouatre and Alma E. Clouatre, Appellants,

v.

HOUSTON FIRE & CASUALTY COMPANY, Appellee.

No. 15738.

United States Court of Appeals Fifth Circuit.

Feb. 10, 1956.

H. Alva Brumfield, Baton Rouge, La., for appellants.

Robert J. Vandaworker, Baton Rouge, La., Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, La., for appellee.

Before RIVES, TUTTLE and CAMERON, Circuit Judges.

CAMERON, Circuit Judge.

The question here presented is whether the Court below erred in sustaining, on the ground of *res judicata*, appellee's motion to dismiss the complaint filed March 8, 1955, by appellant on behalf of herself and her minor children. The action was brought against appellee, Houston Fire & Casualty Company, based upon a policy of liability insurance covering damages resulting from the operation of an automobile owned by O. W. Dyer. It was alleged that the husband of plaintiff, father of their children, was killed September 16, 1952, by the negligent operation by Percy L. Stevens, agent for Dyer, of the car covered by the insurance policy.

The complaint further set forth these facts: October 17, 1952, appellant had filed in the Court below a civil action for the same death against appellee and Dyer, its assured, which the Court below dismissed March 26, 1953, as against appellee.[1] The basis of the dismissal of the complaint as against appellee was that it failed to allege that a judgment had previously been obtained against the insured, a condition precedent at that time under the decision of this Court in Watson v. Employers Liability Assurance Corp., 202 F.2d 407. The complaint further alleged that our decision in the Watson case had been reversed by the Supreme Court of the United States in a decision reported in 348 U.S. 66, 75 S.Ct. 166, 99 L.Ed. 74. January 19, 1954, appellant filed suit on the same claim in the Twenty-third Judicial District Court for the Parish of Ascension, Louisiana, against appellee and Stevens, the driver of the car, which suit is pending and undecided.

The papers and proceedings in the prior action which the Court below had dismissed as to appellee March 26, 1953, are not before us, but the parties agree in their briefs and oral arguments on what was done by the Court below in the former action. That action had been dismissed under Fed.Rules Civ.Proc. rule 12 (b) (6), 28 U.S.C.A. for failure to state a claim upon which relief could be granted, the failure consisting of the fact that the complaint did not set out that a prior judgment had been obtained against the insured or the driver of the car. Such an allegation was a *sine qua non* of recovery under the Watson case, wherein we had held wrongfully that the Louisiana statute permitting direct recovery against the insurance company was inapplicable because the policy sued on forbade such a direct suit. This error was corrected by the Supreme Court but no appeal was taken from the judgment of March 26, 1953, dismissing the action and that judgment has become final.

The present action is based upon the same claim for relief and the parties are the same and the Court below correctly held that appellant was estopped by the former judgment to prosecute the present action.[2] The most that can be ar-

---

[1]. The Court below also entered summary judgment November 27, 1953, against appellant and in favor of Dyer based upon failure of appellant to show that Stevens, the driver of the car, was Dyer's agent at the time of the fatal injury.

No appeal was taken from the judgment in favor of Dyer and he is not a party to the present action.

[2]. The applicable statute of Louisiana, 8 West's LSA–Civil Code, Art. 2286, is

gued by appellant is that the judgment dismissing the former complaint was wrong as a matter of law, but appellant did not avail herself of her right to have the judgment corrected upon appeal. And it is settled that such a mistake in the rendition of a judgment does not vitiate the judgment and does not obviate the application of the doctrine of *res judicata*.

The Supreme Court of Louisiana [3] sets forth the applicable rule in these words, quoting copiously from its former decisions: " 'Matters once determined by a court of competent jurisdiction, if the judgment has become final, can never again be called into question by the parties or their privies, though the judgment may have been erroneous and liable to certain reversal on appeal. * * * Whether the reasons upon which it was based were sound or not, and even if no reason at all were given, the judgment imports absolute verity, and the parties are forever estopped from disputing its correctness.' " [4]

But it is plain that the estoppel of the former judgment extends only to the factual situation existing at the time it was rendered. The first sentence of the Louisiana Code Section quoted in Note 2, supra, succinctly sets this forth: "The authority of the thing adjudged takes place only with respect to what was the object of the judgment." If appellant should obtain, in the pending state court suit, a judgment on the merits against Stevens or anyone else covered by the policy, the former judgment could not be pled as *res judicata*. The true effect of the former judgment was in the nature of a holding that the action there involved had been prematurely brought. The situation there dealt with was not unlike the one involved in our case of Tademy v. Scott, 5 Cir., 1946, 157 F.2d 826, 827. Plaintiff there had filed a libel suit against a Georgia resident growing out of certain newspaper articles. A Georgia statute required, as a condition precedent to suit a suit, that notice and opportunity for retraction and apology be given to the person charged with the libel. The District Court held under advisement the motion to dismiss the complaint based upon the Georgia statute and heard the facts, deciding for the defendant, but deciding also that the failure of Tademy to give the statutory notice precluded recovery by him. We modified the judgment so that it would amount to a dismissal without prejudice based upon the principle that the action was prematurely brought. And the Court of Appeals for the Seventh Circuit [5] reached a similar result when it upheld the right to sue upon an insurance policy upon the accrual of a cause of action within its terms even though a prior action prematurely brought had been dismissed. These cases are declaratory of the general law [6]

in these words: *"Res judicata, essential elements*—The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."

3. Norah v. Crawford, 1950, 218 La. 433, 49 So.2d 751, 754.

4. The quotation expresses the rule of general application throughout the nation. See Deposit Bank of Frankfort v. City of Frankfort, 1903, 191 U.S. 499, 24 S.Ct. 154, 48 L.Ed. 276; Momand v. Universal Film Exchanges, 1 Cir., 1948, 172 F. 2d 37, certiorari denied 336 U.S. 967,

69 S.Ct. 939, 93 L.Ed. 1118; Bencaz v. Beckendorf, La.App., 1 Cir., 1950, 45 So.2d 534, and 50 C.J.S., Judgments, § 704, p. 159. And cf. Angel v. Bullington, 1947, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832.

5. Radick v. Underwriters at Lloyd's, London, 1943, 137 F.2d 21.

6. The following statement of the rule is made in A.L.I. Restatement of the Law of Judgments, Par. 54, pp. 211 and 214: "Where a judgment is rendered for the defendant on the ground of the non-existence of some fact essential to the plaintiff's cause of action, the plaintiff is not precluded from maintaining an action after such fact has subsequently come into existence. * * * The rule * * * is applicable not only where the

and the parties agreed in the oral argument before us that the former judgment could not be pled successfully against any judgment which may be obtained in the state court suit against Stevens, the driver of the car, or against any other person coming within the protection of the policy.

Finding no error in the judgment of the Court below, it is

Affirmed.

action is prematurely brought and the plaintiff fails to obtain judgment on that account, but also where since the bringing of the original action there has been such a change of circumstances that the

ground of dismissing the action no longer exists."

And, to the same effect, see 30 Am. Jur. 946, Judgments, Sec. 209.