**Michael G. BARZIN, Appellant,**

v.

**SELECTIVE SERVICE LOCAL BOARD NO. 14.**

**No. 19224.**

United States Court of Appeals, Third Circuit.

Argued May 6, 1971.

Decided June 29, 1971.

Joseph F. Walsh, Bracken, Walsh & Craig, Newark, N. J., for appellant.

Arthur Rene Hollyer, Asst. U. S. Atty., Newark, N. J. (Frederick B. Lacey, U. S. Atty., Newark, N. J., on the brief), for appellee.

Before HASTIE, Chief Judge, and KALODNER and ALDISERT, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

This appeal has been taken by a selective service registrant from a district court's decision denying preinduction judicial review of his selective service classification. Summary judgment was granted the defendant on the basis of res judicata, with an alternative holding that the court lacked jurisdiction.

Appellant was first ordered to report for induction on October 30, 1969. On October 27, 1969 he brought a suit substantially similar to the present suit, attempting to obtain pre-induction review of his classification. The complaint was dismissed on October 28 for lack of jurisdiction. The court relied upon the restrictive provisions of 50 U.S.C. App. § 460(b) (3).

On October 30, appellant reported for induction but was not detained, apparently because a second suit had been filed in an attempt to obtain judicial review of his classification. The induction was then postponed and, on November 6, 1969, the then pending legal proceeding was dismissed with the consent of counsel for both parties.

The order of October 28, dismissing the first preinduction action, was never appealed. Subsequently appellant was directed to report for postponed induction on March 5, 1970. On February 25, 1970 this action was instituted.

■■ Appellant argues that Breen v. Selective Service Local Board No. 16, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653, decided on January 26, 1970, furnishes a basis for his claim to pre-induction judicial review. We do not reach that question. For a prior decision may serve as res judicata even if a contrary judicial decision on the legal issues involved intervenes between the first and second suits. Clouatre v. Houston Fire & Casualty Co., 5th Cir. 1956, 229 F.2d 596; Ripperger v. A. C. Allyn & Co., 2d Cir. 1940, 113 F.2d 332, cert. denied, 311 U.S. 695, 61 S.Ct. 136, 85 L.Ed. 450.

Since the induction order [1] and appellant's objections to it were the same in both actions, it is appropriate to apply res judicata and dismiss this action.

■ Nor may the appellant escape the effects of res judicata because the original induction was scheduled within the period in which an appeal of the first action could have been taken. Even if the registrant was transitorily in military custody during his appearance for the induction that failed on October 30, it is far from clear that this fact resulted in the appeal becoming moot. However, even if it did render the appeal moot, the original decision retained its vitality, absent a subsequent order vacating it. *See* United States v. Munsingwear, Inc., 1950, 340 U.S. 36, 39–41, 71 S.Ct. 104, 95 L.Ed. 36. The duty to appeal the adverse decision remained with the appellant, and his failure to do so leaves the October 28 determination of jurisdiction as a decision entitled to recognition as res judicata.

Although we affirm the dismissal of this complaint, we note that a significant factual disagreement remains unresolved. Appellant claims to suffer from chronic urticaria which will lead to a violent, possibly fatal, reaction should he be injected with tetanus toxoid at his induction. If he is inducted, the responsible military authorities should, and we are confident that they will, insure that he is not injected with tetanus toxoid until a conclusive medical determination of the matter is made.

The judgment will be affirmed.

---

1. Both the complaint and the plaintiff's affidavit speak of induction being "postponed," and there is nothing in the record to indicate that a new order was issued. Had there been an entirely new order for induction, as contrasted with a new date for induction already ordered, the appropriateness of employing res judicata to avoid considering the effect of Breen, *supra*, might have been in issue. Cf. Commissioner of Internal Revenue v. Sunnen. 1948, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898; United States v. Stone & Downer Co., 1927, 274 U.S. 225, 47 S.Ct. 616, 71 L.Ed. 1013; 1B J. Moore, Federal Practice ¶ 0.448 at 4236–4241.