**In the Matter of TENNESSEE CENTRAL RAILWAY CO., Debtor.**

**LOUISVILLE & NASHVILLE RAILROAD COMPANY, and Eleven Other Interline Freight Balance Claimants, Petitioners-Appellants,**

v.

**UNITED STATES of America and A. Battle Rodes, Trustee, Respondents-Appellees.**

**No. 73–2040.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 4, 1974.

Decided June 14, 1974.

David M. Keeble and Gareth S. Aden, Nashville, Tenn., for petitioners-appel-

lants; Hooker, Keeble, Dodson & Harris, Nashville, Tenn., William F. Bunn, Chicago, Ill., Duncan B. Phillips, Washington, D. C., Philip M. Lanier, Louisville, Ky., on brief.

James F. Dausch, Dept. of Justice, for respondents-appellees; Irving Jaffe, Acting Asst. Atty. Gen., Charles H. Anderson, U. S. Atty., Morton Hollander, David J. Anderson, Attys., Dept. of Justice, Washington, D. C., on brief.

Before WEICK, EDWARDS and PECK, Circuit Judges.

EDWARDS, Circuit Judge.

This case really represents a belated motion for reconsideration of this court's decision entitled In re Tennessee Central Railway Co., 463 F.2d 73 (6th Cir.), cert. denied sub nom. Louisville & Nashville R. R. Co. v. Rodes, 409 U.S. 893, 93 S.Ct. 119, 34 L.Ed.2d 150, rehearing denied, 409 U.S. 1029, 93 S.Ct. 459, 34 L.Ed.2d 323 (1972).[1] There, on the theory of an equitable priority as to operating costs involved in the six months prior to bankruptcy, the railroads, who are appellants in this instance, sought priority over the claims of the United States Government which originated with a long unpaid RFC loan and mortgage. This court upheld the government priority under 31 U.S.C. § 191 (1970), and certiorari was denied by the United States Supreme Court, as shown in the citation above.

Subsequent thereto the railroads petitioned the United States District Court, to whom the matter had been remanded for distribution of the proceeds, seeking delay in the distribution of the assets and propounding a theory upon which they had not previously relied, namely, that the interline freight balances (totaling approximately $900,-000) were "trust funds." The District Judge, on grounds of res judicata and the principles of judicial economy, rejected the petition in a well-reasoned memorandum.

On appeal appellants point out to us that between the time of the District Court decision and the argument of this case on appeal, the Third Circuit, sitting in banc, has reversed a preceding ruling in a case called In re Penn Central Transportation Co., 486 F.2d 519 (3d Cir. 1974), and has held that railroad interline balances are trust funds. Since the District Court decision in this case, the Supreme Court has denied certiorari in the *Penn Central* case, *sub nom.* Baker v. Indiana Harbor Belt R.R. Co., 415 U.S. 990, 94 S.Ct. 1588, 39 L.Ed.2d 886 (1974). Appellants also argue that the doctrine of *res judicata* does not apply to bankruptcy proceedings when the proceeds have not been distributed.

We note that the trust fund theory was presented to the United States Supreme Court in the railroad's petition for certiorari in the instant case. The Supreme Court denied that petition without opinion, as shown in the citation above.

█ The Third Circuit's in banc opinion in the *Penn Central* case is, of course, entitled to our respect. It would not be binding upon us, however, even if this case were still properly before this court on the merits. In our instant case there has been no decision by the Supreme Court which conflicts in any way with this court's original decision.

Clearly the trust fund theory on which appellants now seek to rely could have been, but was not, presented in the original appeal. *See* 1B J. Moore, Federal Practice ¶ 0.405, at 628 (2d ed. 1974).

█ When a disputed claim in a bankruptcy proceeding has been litigated to final judgment, it is subject to the

---

1. The instant action was filed in the United States District Court for the Middle District of Tennessee, Nashville Division, and styled "Petition of Louisville and Nashville Railroad Company, Illinois Central Railroad Company, Southern Railroad Company, et al., to Delay the Distribution of Assets to Claimants in Above Proceedings."

principle of *res judicata*. Heiser v. Woodruff, 327 U.S. 726, 66 S.Ct. 853, 90 L.Ed. 970 (1946); 1B J. Moore, Federal Practice ¶ 0.419[3.–1], at 2964. We have read In re Inland Gas Corp., 187 F.2d 813 (6th Cir. 1951), and consider it completely inapposite.

■ We agree with the District Judge that litigation must end somewhere. The principles of *res judicata* would govern disposition of this case, even if there had been (as there is not here) a change in controlling case law. Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940); Clouatre v. Houston Fire & Casualty Co., 229 F.2d 596 (5th Cir. 1956); 1B J. Moore, Federal Practice ¶ 0.415, at 2051–58.

The judgment of the District Court is affirmed.