**In re EASTERN STEEL BARREL CORPORATION and E & C Holding Company, Debtors.**

**E & C HOLDING COMPANY, a New Jersey Corporation, Plaintiff,**

v.

**TOWNSHIP OF PISCATAWAY and National Westminster Bank, Defendants.**

Bankruptcy No. 90–35196.

Adv. No. 93–3315.

United States Bankruptcy Court, D. New Jersey.

Dec. 23, 1994.

Gary N. Marks, Ravin, Greenberg and Marks, Roseland, NJ, for plaintiff.

Howard Gran, Abrams, Blatz and Gran, South Plainfield, NJ, for defendant Tp. of Piscataway.

Richard N. Shaine, Stark and Stark, Lawrenceville, NJ, for defendant Nat. Westminster Bank.

## MEMORANDUM OPINION

STEPHEN A. STRIPP, Bankruptcy Judge.

This opinion sets forth the court's decision on a motion by plaintiff E & C Holding Company, the debtor-in-possession (hereinafter "the debtor"), to vacate the court's order of April 26, 1994 granting partial summary judgment in favor of defendant Township of Piscataway (hereinafter "Piscataway"). The court determined on that motion that Piscataway held a claim against defendant National Westminster Bank, NJ (hereinafter "Natwest") under section 506(c) of title 11, United States Code (hereinafter "the Code") for all postpetition taxes, sewer charges, interest and penalties. The order directed the debtor to turn over $400,746.93 with accrued interest to Piscataway on account of that claim.

The debtor complied with the order. Then, on July 20, 1994 an opinion in the case of *In re C.S. Associates,* 29 F.3d 903 (3d Cir.1994), held that indirect benefits of the type in question in this case are not compensable under Code § 506(c). The debtor then filed this motion, arguing that the order of April 26, 1994 was interlocutory, and that it should therefore be vacated and the funds in question disgorged in light of *C.S. Associates.* Natwest joins in the debtor's motion. Piscataway opposes the motion, arguing that the order was final and cannot be vacated. This court has jurisdiction under 28 U.S.C. §§ 1334, 157(a) and 151. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (O). The motion is denied for the reasons set forth below.

### FACTS AND PROCEDURAL HISTORY

The court will not reiterate here the facts relevant to the order of April 26, 1994 because they are set forth in detail in the court's opinion in *In re Eastern Steel Barrel Corp.,* 164 B.R. 477 (Bankr.D.N.J.1994). That opinion resulted in the order of April 26, 1994, with which the debtor promptly complied. The order also provided that "all issues contained in the Third Count and not raised by motion are reserved for trial." The third count of the complaint sought a reduction from Piscataway of the debtor's sewer charges. However, the debtor then decided to abandon the third count, which effectively concluded the adversary proceeding. Before the adversary proceeding could be closed, the Third Circuit Court of Appeals issued its opinion in *C.S. Associates, supra,* which held that indirect benefits of the type in question in this case are not compensable under Code § 506(c), which provides that a secured creditor's collateral can be charged with the reasonable, necessary costs and ex-penses of preserving or disposing of the collateral to the extent of any benefit to the holder of such secured claim. The debtor then filed this motion, arguing that the order of April 26 is interlocutory and that it must be vacated because it is not consistent with *C.S. Associates.* Piscataway argues that the order of April 26 is final, and any subsequent change in the law does not warrant vacation of a final order.

### CONCLUSIONS OF LAW

#### I.

■■■■ This court acknowledges that its opinion in *Eastern Steel Barrel, supra,* as to the standards for determining the benefit to a mortgagee under Code § 506(c) of services rendered by a municipality was effectively overruled by *C.S. Associates.*[1] It is axiomatic, however, that a change in the governing law after a final order has been entered and the time to appeal has expired is not a basis for vacating such an order. *See, e.g., Federated Department Stores, Inc., v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 2427–28, 69 L.Ed.2d 103 (1981) ("[T]he res judicata consequences of a final, unappealed judgment [or order] on the merits [are not] altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case.") (citations omitted); *Barzin v. Selective Service Local Board No. 14,* 446 F.2d 1382, 1383 (3d Cir.1971) ("[A] prior decision may serve as res judicata even if a contrary judicial decision on the legal issues involved intervenes between the first and second suits.") (citing *Ripperger v. A.C. Allyn & Co.,* 113 F.2d 332 (2d Cir.1940), *cert. denied,* 311 U.S. 695, 61 S.Ct. 136, 85 L.Ed. 450 (1940)) (other citations omitted); *see also In re Fine Paper Antitrust Litigation,* 840 F.2d 188, 194–96 (3d Cir.1987). A "judgment" for purposes of

---

**1.** However, *C.S. Associates* did not address that part of *Eastern Steel Barrel* which held that interest accrues on postpetition taxes at the statutory rate authorized by N.J.S.A. 54:4–67. *Eastern Steel Barrel,* 164 B.R. at 481. The debtor does not seek to vacate that part of the court's decision, and it remains good law to that extent. It should also be noted that § 401 of the Bankruptcy Reform Act of 1994 added a new subsection (18) to Code § 362(b), by virtue of which the creation or perfection of statutory liens for post-petition property taxes are not subject to the automatic stay. Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, § 401, 108 Stat. 4106, 4141 (1994). Thus, for cases filed after the Reform Act's effective date of October 22, 1994, municipalities will not have to resort to any authority other than Code § 362(b)(18) to seek the creation or perfection (as opposed to collection) of postpetition property taxes. The problem addressed in this case and *C.S. Associates* will therefore no longer exist.

this principle includes any order from which an appeal will lie. Fed.R.Civ.P. 54(a). *See* Fed.R.Bankr.P. 9001(7) (" 'Judgment' means any appealable order.").

The question then is whether the order of April 26 is final or interlocutory. If the order is final, then it cannot be vacated on the authority of *C.S. Associates.* If the order is interlocutory, then it can and should be vacated on that authority.

## II.

■ The debtor argues that because this is an adversary proceeding, the outcome is governed by Rule 54(b) of the Federal Rules of Civil Procedure, incorporated by reference in Fed.R.Bankr.P. 7054. Rule 54(b) states:

(b) **Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed.R.Civ.P. 54(b). In appeals from orders of the district court under 28 U.S.C. § 1291, an order for partial summary judgment is not final unless the district court certifies it as such under Rule 54(b). *UGI Corp. v. Clark,* 747 F.2d 893, 894 (3d Cir.1984).

■ In appeals from orders of the district court under 28 U.S.C. § 158(d), however, in which the district court has determined an appeal from an order of the bankruptcy court, the standards for determining finality are different. The Third Circuit "takes a pragmatic view of the finality of bankruptcy appeals." *Century Glove, Inc. v. First American Bank of New York,* 860 F.2d 94, 97 (3d Cir.1988) (citation omitted); *In re Brown,* 803 F.2d 120, 122 (3d Cir.1986). That court has "consistently considered finality in a more pragmatic and less technical way in bankruptcy cases than in other situations." *In re Amatex Corp.,* 755 F.2d 1034, 1039 (3d Cir.1985) (citations omitted). In determining the finality of orders in bankruptcy cases, the factors which the Third Circuit evaluates are

the impact upon the assets of the bankrupt estate, the necessity for further fact-finding upon remand, the preclusive effect of our decision on the merits on further litigation, and whether the interest of judicial economy would be furthered.

*In re Meyertech Corp.,* 831 F.2d 410, 414 (3d Cir.1987) (citation omitted). *See also Century Glove,* 860 F.2d at 97. These flexible standards of finality in reviewing orders in bankruptcy cases also govern appeals of bankruptcy court orders to the district court. *Walsh Trucking v. Insurance Co. of North America,* 838 F.2d 698, 701 (3d Cir.1988).

■ Of the applicable factors, the impact upon the assets of the estate is paramount:

Where the issue is likely to affect the distribution of the debtor's assets, or the relationship among the creditors, the most pragmatic response will usually be to hear the appeal immediately.

*In re Brown,* 803 F.2d at 122. *See also Century Glove,* 860 F.2d at 98; *F/S Airlease II, Inc. v. Simon,* 844 F.2d 99, 104 (3d Cir.), *cert. denied,* 488 U.S. 852, 109 S.Ct. 137, 102 L.Ed.2d 110 (1988); *Meyertech,* 831 F.2d at 414; *Walsh Trucking,* 838 F.2d at 701.

Applying those factors to this case, the most important consideration is that the order of April 26 directed immediate payment of $400,746.93 plus interest to Piscataway. Those funds would otherwise have been paid to Natwest and other parties in interest. It is therefore obvious that the order is final under the criteria stated above.

## III.

 The debtor argues that because the order was entered in an adversary proceeding, the ordinary criteria for determining finality in bankruptcy cases are not applicable. However, the debtor cites no authority for this proposition, and the court is unaware of any. To the contrary, several Third Circuit opinions have considered finality in the context of adversary proceedings without indicating that the standards are any different there than in the main bankruptcy case. *See In re Brown,* 803 F.2d at 122; *see also In re Marin Motor Oil, Inc.,* 689 F.2d 445 (3d Cir.1982), (an order granting leave to intervene in an adversary proceeding is final for appeal purposes), *cert. denied,* 459 U.S. 1207, 103 S.Ct. 1196, 75 L.Ed.2d 440 (1983).

Moreover, Rule 7054 is also applicable to motions in the main bankruptcy case pursuant to Fed.R.Bankr.P. 9014 unless the bankruptcy court orders otherwise. Notwithstanding that fact, the Third Circuit has not applied the standard of finality urged by the debtor in any bankruptcy cases. The debtor's argument that the cases cited above are distinguishable because this is an adversary proceeding is therefore without merit.

## IV.

 Lastly, Natwest argues that because the cover letter transmitting the check to Piscataway stated that the debtor was reserving its rights, the order was not final. However, parties cannot modify the finality of a court order by merely stating that they are reserving their rights when they obey the order. The finality of an order for purposes of appellate jurisdiction in bankruptcy cases is determined by its impact on the assets of the estate and the other factors listed above, not by statements in a lawyer's letter complying with the order.

### CONCLUSION

For the foregoing reasons, the court concludes that the order of April 26, 1994 is final. The subsequent decision of the Third Circuit in *C.S. Associates* does not provide a basis for vacating that order in light of *Federated Department Stores, Inc.,* 452 U.S. at 398, 101 S.Ct. at 2427. The clerk will therefore prepare and enter standard order 17 denying the motion, and the adversary proceeding shall be closed.