# Illinois Official Reports

## Appellate Court

***Deutsche Bank National Trust Co. v. Bodzianowski***, 2016 IL App (3d) 150632

| | |
|---|---|
| Appellate Court Caption | DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee of Novastar Mortgage Funding Trust, Series 2006-5 Novastar Home Equity Loan Asset-Backed Certificates, Series 2006-5, Plaintiff-Appellant, v. HOWARD J. BODZIANOWSKI; KRISTEN M. BODZIANOWSKI; HERITAGE LAKES ESTATES HOMEOWNERS ASSOCIATION; UNKNOWN OWNERS and NONRECORD CLAIMANTS, Defendants-Appellees. |
| District & No. | Third District<br>Docket No. 3-15-0632 |
| Filed | September 9, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 14-CH-2296; the Hon. Daniel Rippy, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Al Schwartz and Justin F. Carter (argued), both of Morris, Laing, Evans, Brock & Kennedy, Chtrd., of Chicago, for appellant.<br><br>Theodore A. Woerthwein, John L. Miller, Ashley Hanlon, and Matthew H. Hector (argued), all of Woerthwein & Miller, of Chicago, for appellees. |

JUSTICE WRIGHT delivered the judgment of the court, with opinion.
Justice Schmidt concurred in the judgment and opinion.
Justice Holdridge specially concurred, with opinion.

**OPINION**

¶ 1 In 2011, Deutsche Bank National Trust Company (Deutsche Bank), acting as trustee for the NovaStar Mortgage Funding Trust, Series 2006-5 (Trust), filed a foreclosure action in the United States District Court for the Northern District of Illinois against the Bodzianowskis (borrowers). In federal court, the borrowers filed a motion to dismiss the federal foreclosure action on the grounds that the mortgage was not properly assigned to the Trust by the "Depositor" as required by the governing Pooling and Servicing Agreement (PSA). As a consequence of a void transfer to the Trust, the borrowers argued Deutsche Bank could not pursue foreclosure on behalf of the Trust. In federal court, Deutsche Bank resisted the borrowers' motion to dismiss the federal foreclosure action by claiming the borrowers lacked standing to contest a *voidable* transfer into the Trust because the borrowers were nonparties to the PSA.

¶ 2 After considering the dueling standing arguments raised by each party, the federal court found the arguments presented in the borrowers' reply brief, asserting Deutsche Bank lacked standing to foreclose on a debt arising out of a transfer to the Trust deemed as void by a New York state statute, were compelling. As a result, the federal district court dismissed the federal foreclosure action initiated by Deutsche Bank as trustee with prejudice. Deutsche Bank did not appeal the dismissal.

¶ 3 Years later, in 2014, Deutsche Bank initiated a second foreclosure action against the same borrowers, alleging the same date of default, in Illinois state court. The circuit court applied *res judicata* and granted borrowers' motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619(a)(4) (West 2014)). We affirm.

¶ 4 BACKGROUND

¶ 5 On September 25, 2006, the borrowers acquired a $165,000 mortgage loan from Novastar Mortgage, Inc. (original lender) for the purchase price of a home located at 3314 Concord Court, Lockport, Illinois. The original lender in this case entered into a PSA, dated September 1, 2006, with three other entities to create a common-law trust known as "NovaStar Mortgage Funding Trust, Series 2006-5" (Trust). The PSA designated the original lender to be the "Sponsor" and "Servicer" and Novastar Mortgage Funding Corporation as the "Depositor" for purposes of the resulting Trust. The PSA also designated U.S. Bank National Association to serve as "Custodian" and Deutsche Bank to act as "Trustee." The PSA mandated that the Trust would accept mortgage documents endorsed by the "Depositor." According to the PSA, the Trust would be governed by the laws of the State of New York.

¶ 6 The borrowers defaulted on their mortgage loan in February 2010. On May 6, 2010, Mortgage Electronic Registration Systems, Inc. (MERS), acting as nominee for the original lender, assigned the mortgage to the Trust in a document titled "ASSIGNMENT OF MORTGAGE ILLINOIS." The 2010 assignment by MERS transferred the original lender's

interest in the mortgage to "DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE NOVASTAR MORTGAGE FUNDING TRUST, SERIES 2006-5 NOVASTAR HOME EQUITY LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-5."

¶ 7                                     I. 2011 Federal Court Proceeding

¶ 8        On March 21, 2011, Deutsche Bank, acting as trustee for the Trust, filed a federal complaint for foreclosure in the United States District Court for the Northern District of Illinois. Deutsche Bank sought to enforce the borrowers' loan agreement and foreclose on the mortgage. The borrowers filed a motion to dismiss the federal foreclosure complaint on the grounds that Novastar Mortgage Funding Corporation, the "Depositor," was not the entity that endorsed the mortgage documents deposited into the Trust as required by section 2.01 of the Trust's PSA. Therefore, the borrowers argued Deutsche Bank, acting as trustee for the Trust, improperly accepted the mortgage documents on behalf of the Trust and lacked standing to initiate the federal foreclosure action. Citing to the applicable statutes governing the Trust according to New York law, the borrowers asserted that since "the transfer did not take place according to the Trust's own terms, the transfer is void."[1]

¶ 9        After the parties briefed the standing issue raised in the borrowers' motion to dismiss the federal action, both counsel for Deutsche Bank and the federal district judge found the borrowers' arguments set forth in the borrowers' reply were "compelling." Specifically, the federal district court stated "the [borrowers'] reply brief argues that the instruments at issue in this case are not sufficient under New York law. And I am not sure that that argument was squarely addressed by [Deutsche Bank]." On October 11, 2011, the court granted the borrowers' motion to dismiss Deutsche Bank's federal foreclosure complaint with prejudice. Deutsche Bank did not appeal or move to vacate the federal district court's 2011 dismissal.

¶ 10                              II. 2014 Illinois State Court Proceedings

¶ 11        On October 23, 2014, Deutsche Bank filed another foreclosure complaint against the same parties in the circuit court of Will County, Illinois. Again, Deutsche Bank, acting as trustee, sought to foreclose on the same mortgage assigned to the Trust in 2010 for the property located at 3314 Concord Court, Lockport, Illinois.

¶ 12        On March 6, 2015, the borrowers filed a motion to dismiss the state court action pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619(a)(4) (West 2014)) on the grounds that *res judicata* applied based on the resolutions of the same issues between the same parties in federal court.

¶ 13        In state court, Deutsche Bank resisted the borrowers' motion to dismiss by claiming new Illinois precedent now provided that the borrowers would not have standing to contest a violation of the PSA governing a particular trust. Specifically, Deutsche Bank asserted that the Second District's decision in *Bank of America National Ass'n v. Bassman FBT, L.L.C.*, 2012 IL App (2d) 110729, changed the applicable law concerning the borrowers' ability to challenge Deutsche Bank's standing to bring a foreclosure action. Deutsche Bank argued that *Bassman* was a case of first impression holding that borrowers could not "challenge the

---

[1]See N.Y. Est. Powers & Trusts Law § 7-2.4 (McKinney 2014).

validity of the transfers of their Note and Mortgage based on non-compliance with the trust agreements."

¶ 14      After the parties' briefings, on August 10, 2015, the circuit court of Will County granted the borrowers' section 2-619 motion to dismiss after finding *res judicata* applied in the case at bar. On September 8, 2015, Deutsche Bank filed a timely notice of appeal.

¶ 15                           ANALYSIS

¶ 16      The case law provides that a trial court's decision granting a section 2-619 motion to dismiss is reviewed *de novo* on appeal to this court. *Landheer v. Landheer*, 383 Ill. App. 3d 317, 320 (2008) (citing *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 368 (2003)). In our review, we "must construe all of the pleadings and supporting documents in the light most favorable to the nonmoving party." *Id.* (citing *Van Meter*, 207 Ill. 2d at 367-68). The basis of the motion, section 2-619(a)(4) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(4) (West 2014)), provides that an action may be dismissed if the cause of action is barred by a prior judgment. Similarly, an action may be dismissed under the doctrine of *res judicata* when the claim is barred by a prior judgment. *Papers Unlimited v. Park*, 253 Ill. App. 3d 150, 153 (1993).

¶ 17      The parties agree that the party invoking a defense to an action based on *res judicata* bears the burden of demonstrating the doctrine applies. *Oshana v. FCL Builders, Inc.*, 2013 IL App (1st) 120851, ¶ 15 (citing *Cload v. West*, 328 Ill. App. 3d 946, 950 (2002)). It is well established that the doctrine of *res judicata* involves three requirements. *Currie v. Wisconsin Central, Ltd.*, 2011 IL App (1st) 103095, ¶ 28 (citing *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 335 (1996)). First, there must be a prior and final judgment on the merits entered by a court of competent jurisdiction. *Id.* Second, there must be an identity of the causes of action in both cases. *Id.* Third, there must be an identity of parties or their privies in both cases. *Id.* Functionally, "[r]es judicata bars a second adjudication of the parties' disputes where there has been or *could have been* a former adjudication on the merits, and there is an identity of cause of action and parties or their privies in the two lawsuits." (Emphasis added.) *Lehman v. Continental Health Care, Ltd.*, 240 Ill. App. 3d 795, 801 (1992) (citing *Simcox v. Simcox*, 131 Ill. 2d 491, 497 (1989)). In other words, *res judicata* will bar a second action when the second action is "nothing more than a do-over of the first action." See *Turczak v. First American Bank*, 2013 IL App (1st) 121964, ¶ 28 (referencing *Skolnik v. Petella*, 376 Ill. 500, 507 (1941)). On appeal, Deutsche Bank does not challenge the borrowers' assertion that *res judicata* attaches in this case. Rather, Deutsche Bank argues that the intervening change of law represented by the decision in *Bassman*, 2012 IL App (2d) 110729, obviates the application of *res judicata* in this case.

¶ 18      Our review of this record reveals that in 2011, Deutsche Bank pointed out to the federal district court that the borrowers were nonparties to the PSA and did not have standing to assert a violation of the PSA in defense of a foreclosure action initiated by Deutsche Bank, as trustee for the Trust. After reviewing the borrowers' reply to Deutsche Bank's argument challenging the borrowers' standing, the federal district court and Deutsche Bank both agreed the authority presented by the borrowers in support of their reply was "compelling." After this observation, the court ruled in favor of the borrowers and dismissed the federal foreclosure action with prejudice.

¶ 19    The case law provides that once a party, such as the borrowers in this case, establishes a *prima facie* case of *res judicata*, the burden shifts to the opposing party to properly plead the existence of an exception to *res judicata*. See *Mistretta v. Village of River Forest*, 2 Ill. App. 3d 102, 105 (1971). Generally, the " 'rule in Illinois is that *res judicata* extends only to the facts and conditions as they were at the time a judgment was rendered' "; however, when " 'new facts or conditions intervene before a second action, establishing a new basis for the claims and defenses of the parties,' " the issues are not the same, and " 'the former judgment cannot be pleaded as a bar in a subsequent action.' " *Hayashi v. Illinois Department of Financial & Professional Regulation*, 2014 IL 116023, ¶ 46 (quoting *Northern Illinois Medical Center v. Home State Bank of Crystal Lake*, 136 Ill. App. 3d 129, 144 (1985)). Thus, "a change in the law resulting from [a] judicial decision or statute subsequent to a case's adjudication eradicate[s] the controlling effect of that case's judgment on subsequent related litigation." *Statler v. Catalano*, 293 Ill. App. 3d 483, 486 (1997). Consequently, Deutsche Bank now argues that the 2012 *Bassman* decision presents an intervening condition that creates an exception to the application of *res judicata.* We disagree.

¶ 20    For purposes of this particular appeal, both parties agree this PSA must be evaluated and is governed by the laws of the State of New York. Importantly, in *Bassman*, the appellate counsel did not provide the reviewing court with the authority, based on existing New York precedent, to reverse the trial court's finding that the invalid transfer of the debt to the trust in that case resulted in a *voidable* transaction. Here, it is critical to our analysis to recognize that the *Bassman* court interpreted the same substantive body of New York law that was available to be presented and available to be considered by the federal district court in the 2011 foreclosure action in the case at bar.

¶ 21    Our careful review of the record in this case reveals that the federal district court was assigned the task of deciding whether Deutsche Bank had standing to pursue foreclosure of the same mortgage debt involving the same parties now before us. The federal district court decided against Deutsche Bank and their challenge to the same borrowers' standing, as a nonparty to the same PSA, by ruling in favor of the borrowers. It appears to this court that the borrowers successfully persuaded the federal district court that the transaction involved in this case was void according to existing New York law. Deutsche Bank accepted this final decision at that time.

¶ 22    Now, it appears Deutsche Bank, invigorated by the lengthy discussion of the confusing status of New York law by the court in *Bassman*, regrets failing to appeal the 2011 federal district court's ruling. Simply stated, *res judicata* does not permit "a do-over of the first action." See *Turczak*, 2013 IL App (1st) 121964, ¶ 28 (referencing *Skolnik v. Petella*, 376 Ill. 500, 507 (1941)).

¶ 23    In conclusion, we hold that the decision issued by the Illinois Appellate Court in *Bassman* merely interprets New York precedent concerning a borrower's standing to challenge the transfer of mortgage debt into a trust under New York law. The Second District's decision does not provide any intervening Illinois authority as needed to create an exception to the doctrine of *res judicata* in this case. Thus, the circuit court properly granted the borrowers' section 2-619 motion to dismiss this state court action based on *res judicata* arising from the final judgment against the same parties in the federal district court.

¶ 24                                      CONCLUSION
¶ 25            The judgment of the circuit court of Will County is affirmed.


¶ 26            Affirmed.


¶ 27            JUSTICE HOLDRIDGE, specially concurring.

¶ 28            I join in the majority's judgment and analysis. I write separately to share my interpretation of *Bank of America National Ass'n v. Bassman FBT, L.L.C.*, 2012 IL App (2d) 110729, and to provide some additional support for the majority's holding. In my view, *Bassman* did not provide its own interpretation of New York law regarding a borrower's standing to challenge the transfer of mortgage debt into a trust due to an alleged violation of the governing trust documents. Rather, *Bassman* merely acknowledged that (1) the borrower's standing to raise such a challenge in that case depended upon whether the plaintiff's noncompliance with the trust documents rendered the assignment of the mortgages at issue "void" or merely "voidable" under New York law and (2) New York law was inconsistent on this issue. *Id.* ¶¶ 17-19, 21. Our appellate court noted that the tension between New York statutory law and some New York cases addressing this issue was "for New York courts to reconcile—not this [court]" (*id.* ¶ 21) and that, "[a]s an Illinois court," it "[could not] change New York law." *Id.* ¶ 23. The *Bassman* court stressed that the defendants had made "no attempt to reconcile" the relevant "contradictions" in New York law and had failed to carry their burden of proving that the transactions at issue were void under New York law, rather than merely voidable. *Id.* The court held that, "[a]bsent clear answers about the nature of New York law," the defendants' failure to carry their burden of persuasion on this issue was "dispositive." *Id.*

¶ 29            In sum, *Bassman* merely held that the defendant had failed to carry its burden; it did not change (or even construe) New York law in the manner suggested by Deutsche Bank in this case. New York law controls here, as it did in *Bassman*. Accordingly, as the majority correctly holds, there has been no intervening change in the governing law that could preclude the operation of *res judicata* in this case.

¶ 30            In my view, Deutsche Bank's Illinois foreclosure action is barred by *res judicata* for one additional reason. The preclusive effect of a judgment rendered by a federal court is governed by federal common law. *Semtek International Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001); *In re Bridgestone/Firestone, Inc., Tires Products Liability Litigation*, 333 F.3d 763, 767 (7th Cir. 2003), *abrogated on other grounds*, *Smith v. Bayer Corp.*, 564 U.S. 299 (2011). Federal common law "usually incorporates state law when the federal judgment stems from litigation under the [federal court's] diversity jurisdiction." *Bridgestone/Firestone, Inc.*, 333 F.3d at 767. However, "state rules that undermine the finality of federal judgments are not incorporated." *Id.*; see also *Semtek International, Inc.*, 531 U.S. at 508. Under federal common law, an intervening change in the law does not bar the application of *res judicata* to a final, unappealed federal court judgment on the merits. See, *e.g.*, *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *Precision Air Parts, Inc. v. Avco Corp.*, 736 F.2d 1499, 1503 (11th Cir. 1984); *Barzin v. Selective Service Board No. 14*, 446 F.2d 1382, 1383 (3d Cir. 1971). Applying Illinois's contrary rule to deny the *res judicata* effect of the federal court judgment in this case would undermine the finality of a federal court's judgment, thereby violating federal common law. Thus, under *Semtek Intern* and *Bridgestone/Firestone*, the Illinois rule should not apply in this case. Deutsche Bank cites no case wherein an Illinois court

declined to give preclusive effect to a federal judgment because of an intervening change in the law. Nor have I found any such case.

¶ 31      In sum, *Bassman* did not change the applicable law, and, even if it did, such a change would not justify denying preclusive effect to the federal court judgment. All of the requirements for *res judicata* were met in this case (a final judgment on the merits rendered by a court of competent jurisdiction, identity of causes of action, and identity of parties). Thus, the trial court properly dismissed the plaintiff's foreclosure complaint on the ground of *res judicata*.