NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 240951-U

NO. 4-24-0951

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 6, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* ESTATE OF LARRY WILLIAM MOSLEY, Deceased | ) ) ) | Appeal from the Circuit Court of Adams County |
| (Debra Sue Eberle, Executor, Petitioner-Appellee, v. Brian Mosley, Respondent-Appellant). | ) ) ) ) ) ) | No. 23PR77 Honorable Scott Douglas Larson, Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Zenoff and Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court affirmed, finding the issues raised in the circuit court were adjudicated in a prior order-of-protection case, where a final judgment on the merits was entered. Therefore, respondent is barred from raising the same issues in this appeal pursuant to the doctrine of collateral estoppel.

¶ 2    In the underlying probate case, respondent, Brian Mosley, sought to relitigate the ownership of certain items in his possession that belonged to decedent, Larry William Mosley. He appeals the circuit court's order granting petitioner Debra Sue Eberle's motion *in limine*, wherein she sought to preclude respondent's relitigation pursuant to the doctrine of collateral estoppel. We affirm.

¶ 3                                I. BACKGROUND

¶ 4    On August 3, 2023, petitioner filed a petition for probate of will and letters of testamentary regarding decedent. Respondent was given notice as an heir. Decedent's will named

petitioner as executor and sole beneficiary. The circuit court entered an order admitting decedent's will to probate and appointed petitioner as the independent executor.

¶ 5          In November 2023, petitioner filed a petition for citation, stating respondent was ordered in Adams County case No. 22-OP-320 to surrender titles to a 2005 Chevrolet Silverado, a mobile home, a boat motor and trailer, and other personal belongings of decedent believed to be in respondent's possession. In February 2024, petitioner filed a motion *in limine*, seeking to prohibit respondent from relitigating any claims to the aforementioned property of decedent under the doctrine of collateral estoppel. Petitioner attached to the motion an August 2022 plenary order of protection entered in case No. 22-OP-320, which had ordered respondent to return to decedent various titles and personal belongings and transcripts from the plenary hearing. We note, respondent appealed the plenary order of protection in case No. 22-OP-320, which this court dismissed as moot given decedent, the protected party in the matter, had died during the pendency of the appeal. See *Mosley v. Mosley*, No. 4-23-0053 (Oct. 24, 2023) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 6          The record indicates a hearing on the petition for citation and petitioner's motion *in limine* was held on July 2, 2024; however, no transcripts of this hearing were provided to this court on appeal. On July 10, 2024, the circuit court entered an order granting petitioner's motion *in limine* pursuant to the doctrine of collateral estoppel. The court stated the property at issue was adjudicated by a final judgment on the merits after a hearing in case No. 22-OP-320 involving the same parties or parties in privity.

¶ 7          The order stated respondent contended the petition for citation was seeking to discover assets, not to transfer possession of property, and that respondent was entitled to a jury trial on the property in question. The circuit court found the petition for citation was not merely

seeking information, "but transfer of titles pursuant to the court's order in 22 OP 320." Additionally, respondent had not formally requested a trial by jury, and, if he had, collateral estoppel applied. Respondent was ordered to personally appear at a later date to execute or otherwise effectuate the transfer of titles as outlined in the petition for citation.

¶ 8        This appeal followed.

¶ 9                                II. ANALYSIS

¶ 10        We begin by addressing our jurisdiction. Respondent asserts this court has jurisdiction pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994). He contends he is appealing the final judgment entered on July 10, 2024, which disposed of all claims. Petitioner does not address the question of jurisdiction in her brief. This court has an independent duty to consider our jurisdiction, "even where a party has not contested the court's jurisdiction to review the matter." *Nwaokocho v. Illinois Department of Financial & Professional Regulation*, 2018 IL App (1st) 162614, ¶ 41. Our review of the record reveals the circuit court's order from July 10 did not dispose of all claims and is not considered a final judgment. However, our supreme court has stated, "An order granting or denying a distribution of an estate affects the rights of those who have a claim against the estate (*e.g.*, an heir, legatee, or devisee) and it is those persons who are considered to be aggrieved parties such that they may appeal at their own expense." *Estate of Hicks*, 174 Ill. 2d 433, 450-51 (1996). In this case, respondent is an heir, as indicated by petitioner's notice, which she filed with the circuit court. The order respondent appeals pertains to the distribution of decedent's estate, which respondent contends he has a claim against. See Ill. S. Ct. R. 304(b)(1) (eff. Mar. 8, 2016) (permitting appeals from final judgments that do not dispose of an entire proceeding where an "order entered in the administration of an estate ***

finally determines a right or status of a party"). Accordingly, we find we have jurisdiction to review respondent's appeal.

¶ 11        Respondent argues (1) the order of protection that he previously appealed was dismissed as moot, and under the "*Munsingwear* doctrine" (see *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950)), the circuit court's judgment should be vacated; (2) his due process rights were violated because he was not permitted to cross-examine decedent during the order-of-protection hearing; (3) the order of protection did not adhere to the statutory requirements of the Illinois Domestic Violence Act of 1986 (Act) (750 ILCS 60/101 *et seq.* (West 2022)); (4) the court did not have the authority under the Act to transfer ownership of the property in question; and (5) the court erred when it applied collateral estoppel because there was no final judgment on the merits.

¶ 12        Before addressing respondent's claims, we address petitioner's contention respondent's brief should be stricken and his arguments forfeited because (1) respondent failed to provide a transcript of the hearing at issue and (2) his brief does not comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020). Specifically, petitioner claims respondent's brief fails to provide argument as to how the circuit court's decision was against the manifest weight of the evidence and fails to properly cite the record or supporting authority.

¶ 13        Rule 341 sets forth the rules governing the contents and requirements for an appellant's brief. Rule 341(a) requires the body of the brief's text to be double-spaced. Ill. S. Ct. R. 341(a) (eff. Oct. 1, 2020). The rule requires the appellant to include a statement of the issues presented for review "without detail or citation of authorities" and "a concise statement of the applicable standard of review for each issue, with citation to authority." Ill. S. Ct. R. 341(h)(3) (eff. Oct. 1, 2020). Additionally, Rule 341 requires an appellant to include a statement of the

facts without argument and with citations to the record and an argument section, which must also contain citations to the record. Ill. S. Ct. R. 341(h)(6), (7) (eff. Oct. 1, 2020). Compliance with Rule 341 is not a mere suggestion, and it is within this court's discretion to strike an appellant's brief and dismiss the appeal entirely for failing to comply. *Niewold v. Fry*, 306 Ill. App. 3d 735, 737 (1999). However, if the violations of supreme court rules do not "hinder or preclude our review," the brief need not be stricken in whole or in part. *Gaston v. City of Danville*, 393 Ill. App. 3d 591, 601 (2009).

¶ 14        We agree with petitioner that respondent's brief fails to comply with many of the requirements set forth in Rule 341. However, we find respondent's noncompliant brief does not hinder or preclude our review of the issues in this case. Therefore, we will not dismiss respondent's appeal or strike his brief in part or in its entirety for failing to comply with Rule 341.

¶ 15        Additionally, petitioner notes respondent failed to provide the transcripts from the hearing on the motion *in limine* before the circuit court. Nor did he provide a bystander's report or an agreed statement of facts. See Ill. S. Ct. R. 323(c), (d) (eff. July 1, 2017). The "appellant has the burden to present a sufficiently complete record of the proceedings" below. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Id.* at 392. Without a record of the hearing, we do not know what evidence or arguments were presented. However, the basis for the circuit court's decision is sufficiently explained in the July 10, 2024, order. Additionally, because resolution of this appeal is not dependent on what occurred at the hearing and the issues are straightforward and governed by well-settled law, we will review respondent's claims on the merits.

¶ 16                              A. Collateral Estoppel

¶ 17            "The doctrine [of *res judicata*] is based on the public policy which favors judicial

economy and the finality of litigation [citations] and is divided into two branches: *res judicata*,

or estoppel by judgment, and collateral estoppel, or estoppel by verdict." *Fried v. Polk Brothers,

Inc.*, 190 Ill. App. 3d 871, 877 (1989). "Whether the doctrine of collateral estoppel applies is a

question of law that we review *de novo*." *American Family Mutual Insurance Co. v. Westfield

Insurance Co.*, 2011 IL App (4th) 110088, ¶ 17. "The doctrine of collateral estoppel prevents the

relitigating of issues resolved in earlier causes of action." *Id.* Where the following elements are

met, collateral estoppel applies:

> "(1) the issue decided in the prior litigation is identical to the one presented in the
>
> current case, (2) there was a final adjudication on the merits in the prior case, and
>
> (3) the party against whom estoppel is asserted was a party to, or in privity with a
>
> party to, the prior litigation." *Pine Top Receivables Illinois, LLC v. Transfercom,
>
> Ltd.*, 2017 IL App (1st) 161781, ¶ 8.

¶ 18            Respondent argues the decision of who gets possession of the property at issue,

which was decided in the previous order-of-protection case, was not a judgment on the merits for

purposes of collateral estoppel. A judgment on the merits occurs when the judgment "amounts to

a decision to the respective rights and liabilities of parties based on the ultimate facts or the state

of the facts disclosed by pleadings or evidence, or both, and on which the right of recovery

depends." *Fried*, 190 Ill. App. 3d at 878. Respondent contends, because his appeal in the order-

of-protection case was dismissed by this court as moot, there was no final judgment. This is not

true. Respondent had a hearing, wherein the facts of that case were decided by the circuit court

based upon the pleadings and evidence. Respondent may be unsatisfied with the outcome of that

hearing, but his dissatisfaction does not make the court's determination in that matter no longer a final judgment. Respondent appealed, and this court dismissed the appeal because of mootness due to the protected party's death (the decedent in this case). See *Mosley*, No. 4-23-0053. The circuit court's judgment remains in effect and is considered a final judgment.

¶ 19 Respondent then argues, under the "*Munsingwear* doctrine," when a case becomes moot pending appeal, the appellate court should vacate the circuit court's judgment and remand to the lower court for the cause to be dismissed. The United States Supreme Court dealt with a procedural appeal issue regarding a federal regulation in *Munsingwear*, 340 U.S. at 38. The Supreme Court stated:

"The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss." *Id.* at 39.

¶ 20 However, when addressing a matter of state law, Illinois courts "are not bound by Federal court decisions other than, in appropriate cases, those of the United States Supreme Court." *Office of Lake County State's Attorney v. Human Rights Comm'n*, 235 Ill. App. 3d 1036, 1043 (1992). In *Munsingwear*, the Supreme Court was not addressing an issue of constitutional or state law. Rather, the Court was addressing a procedural matter within the federal court system. As such, *Munsingwear* is not authoritative. Indeed, contrary to respondent's contention on appeal, the Supreme Court endorsed the doctrine of *res judicata*. See *Munsingwear*, 340 U.S. at 41. A defensive use of collateral estoppel occurs when, as in this case, petitioner invoked the doctrine to prevent respondent from arguing an issue that he had previously litigated and lost. See *Prospect Development, LLC v. Kreger*, 2016 IL App (1st) 150433, ¶ 33 ("Defensive use of

collateral estoppel occurs when a defendant invokes the doctrine to prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost."). Consequently, we find the doctrine of collateral estoppel applies here.

¶ 21                    B. Claims Regarding the Order of Protection

¶ 22          The remainder of respondent's arguments attack the order of protection entered in a case not currently before this court. Although we find collateral estoppel applies, this appeal is not the appropriate vehicle to relitigate the issues in a distinct and different case. See *Wilson v. Illinois Benedictine College*, 112 Ill. App. 3d 932, 936 (1983) ("A reviewing court will not consider questions or contentions which are not essential to the determination of the case before it."). Therefore, we need not address the issues respondent raises regarding the order of protection or how he may appropriately seek redress. "This court cannot pass judgment on mere abstract propositions of law, render an advisory opinion, or give legal advice as to future events." *Stokes v. Pekin Insurance Co.*, 298 Ill. App. 3d 278, 281 (1998). "Simply stated, *res judicata* does not permit 'a do-over of the first action.' " *Deutsche Bank National Trust Co. v. Bodzianowski*, 2016 IL App (3d) 150632, ¶ 22 (quoting *Turczak v. First American Bank*, 2013 IL App (1st) 121964, ¶ 28).

¶ 23                         III. CONCLUSION

¶ 24          For the reasons stated, we affirm the circuit court's judgment.

¶ 25          Affirmed.